JOHN F. WHITTLE *v.* RALPH P. SKINNER.

*Discharge of surety. Assignment of chose in action. Assignment without delivery. Consideration of promise.*

The plaintiff, who was the payee of a promissory note, which was signed by one C. as principal, and by the defendant as surety, having been in partnership with C., made a settlement with him, previous to the note becoming due, of their partnership affairs, and there being found to be $50,00 due to C., as the partnership balance, it was agreed between the plaintiff and C., that this sum should remain in the hands of the plaintiff, without interest, until the note became due, and then should be applied in part payment of the note, and the plaintiff promised, that he would never call upon the defendant, upon the note, and that he would wait upon C. three or four years for the balance remaining due upon the note. And it was held, that the defendant, as surety, was thereby discharged.

A claim, which one partner has upon his co-partner for an unliquidated partnership balance, is not subject to assignment; and a contract of assignment, if made, will be merely executory, and nothing will vest in the assignee, until the debt is liquidated and the assignment perfected.

As long as any thing remains to be done by the assignor, and there has been no actual delivery of the thing assigned, as a general rule no title vests in the assignee.

And, as a general rule, an assignment of a thing by way of pledge is wholly inoperative, without delivery; and this will apply to *choses in action*, as well as to things in possession. A mere parol agreement to assign a *chose in action*, without even a symbolical delivery, will not be valid, even between the parties.

Hence it was held, in this case, that the effect of the agreement between the plaintiff and C., as discharging the defendant, as surety, was not controlled by the fact, that C., being indebted to one H., had made a parol assignment to H., subsequent to the dissolution of the partnership and previous to the partnership balance being ascertained, of all his right and interest in all the partnership demands, as security for the debt due to H., and that H. immediately gave notice to the plaintiff of this assignment, and that the plaintiff then agreed, that whatever should belong to C., out of the partnership demands, should be paid to H. towards his debt,—especially as it appeared, that after the partnership balance had been ascertained, and the agreement made between C. and the plaintiff, as above stated, a settlement was had between C. and H., and C. then gave to H. notes for the amount of his debt, and executed to him a written assignment of his partnership interest.

And if, in such case, it had been merely doubtful, whether H. had a valid claim to the partnership balance, by virtue of the parol assignment, as collateral security for his debt, and the plaintiff were inclined to run the risk of it, the agreement of C., that the plaintiff might apply the partnership balance upon his note, would not be a contract without consideration, but would be sufficient to sustain the promise of the plaintiff, by which the surety was discharged.

The amount of the consideration for a promise is of no importance. Hence if, in this case, the assignment to H. were held valid, yet as it was an assignment as collateral security merely, the remaining interest of C. in the *chose in action* assigned would be of sufficient value, when transferred to the plaintiff, to constitute a good consideration for the promise of the plaintiff, by which the surety was discharged,—the plaintiff knowing all the facts.

ASSUMPSIT upon a promissory note for $100,00, dated June 10, 1846, signed by Lorenzo P. Crosby as principal, and by the defendant as surety, and payable to the plaintiff in one year from date, with interest. Plea, the general issue, and trial by jury, December Term, 1849,—POLAND, J., presiding.

On trial, the plaintiff having given in evidence the note declared upon, the defendant gave in evidence the deposition of Crosby, and other testimony, tending to prove, that, previous to February, 1847, the plaintiff and Crosby had been partners in the blacksmithing business in Irasburgh, and that, upon a settlement of the partnership

affairs, in February, 1847, between the plaintiff and Crosby, there was found to be due to Crosby $50,00; and that it was then agreed between the plaintiff and Crosby, that the plaintiff should retain the said $50,00 in his hands, until the note in suit became due, without interest, and then it should be applied in part payment of the note; and that the plaintiff at the same time agreed, that he would never call upon the defendant upon the note, and would wait upon Crosby three or four years for the balance due upon the note.

The plaintiff then gave evidence tending to prove, that previous to February, 1847, and after the plaintiff and Crosby had dissolved their partnership, Crosby, being indebted to one Hastings in a sum exceeding $100,00, and being called upon by Hastings for payment or security of the debt, assigned all his right and interest in all the partnership demands, belonging to the firm of Whittle & Crosby, to Hastings, as security for said debt,—the assignment being by parol, but made before witnesses; that Hastings immediately gave notice to the plaintiff of the assignment, and the plaintiff then agreed, that whatever should belong to Crosby, out of the partnership demands, should be paid to Hastings, towards his debt; and that some time in the summer of 1847 Hastings and Crosby had a settlement of their matters, and Crosby gave notes to Hastings for the amount of his debt, and then gave him a written assignment of his partnership interest, above mentioned.

The court charged the jury, that if Crosby had funds in the hands of the plaintiff to the amount of $50,00, arising from their partnership matters, which he had a right to control and appropriate, and it was agreed between the plaintiff and Crosby, that the same should be applied, as the defendant's testimony tended to prove, and the plaintiff, in consideration thereof, agreed not to call upon the defendant, and agreed that he would give time to Crosby, it would have the effect to discharge the defendant upon the note; but that, if they found, as the plaintiff's evidence tended to prove, that Crosby had previously assigned all his interest in said funds to Hastings, as security for the debt due to Hastings, and Hastings had given the plaintiff notice of such assignment, and the plaintiff had agreed to pay the same to him, then Crosby had no right to control said funds, and the agreement between the plaintiff and Crosby, if one

were made, was without consideration and would not discharge the defendant; and that the assignment to Hastings need not be in writing, in order to be valid.

Verdict for plaintiff. Exceptions by defendant.

*T. P. Redfield* for defendant.

1. The plaintiff agreed, upon good consideration, to discharge the surety. This operated *instanter* as a discharge.

2. The assets of Whittle & Crosby were left in the custody of the plaintiff, and before the partnership closed. The parol agreement to assign, without consideration, or delivery, and of a thing not *in esse* at the time, is inoperative and void. *Bates v. Starr,* 2 Vt. 536. *Crampton* v. *Adm'r of Ballard,* 10 Vt. 251.

3. Crosby being the principal upon the note, the plaintiff had the right, with Crosby's consent, to apply the balance, due to Crosby on settlement, upon this note; and that right is paramount to any right of Hastings.

4. Chancery would have compelled the application of these assets upon the note in suit, even against the will of Crosby and Hastings; and the assent of Crosby, without appealing to chancery, is a sufficient consideration for releasing the surety.

*J. Cooper* for plaintiff.

If the assignment to Hastings was valid, it would seem, that the charge was correct. The case shows very clearly, that Whittle could not pay Crosby, or to his order, after notice of the assignment, and justify himself to Hastings. A parol assignment seems to be sufficient. 2 Story's Eq. 311. *Heath* v. *Hall,* 4 Taunt. 326. *Tibbetts* v. *George,* 5 Ad. & E. 107. *Mason* v. *Hidden,* 6 Vt. 600. *Weeks* v. *Hunt,* 6 Vt. 15. *Spafford* v. *Page,* 15 Vt. 490. *Cummings et al.* v. *Fullam,* 13 Vt. 434.

It is difficult to discover the analogy between the law of the cases of *Bates* v. *Starr* and *Crampton* v. *Adm'r of Ballard,* cited by the defendant's counsel, and the case at bar, or even what bearing they have upon the proposition, which they are cited to sustain. The debt due to Hastings must be a sufficient consideration for an assignment; and if so, the only question of law raised would be, whether a parol assignment is sufficient. This cannot be questioned.

Whittle *v*. Skinner.

It cannot be, that chancery would compel the application of the fund, against the will of Hastings. The case shows an assignment to Hastings prior to the pretended arrangement, and the jury negate, by their verdict, the truth of the defendant's evidence.

The opinion of the court was delivered by

REDFIELD,.J. The contract between the plaintiff and Crosby, being before the note fell due, amounted to a virtual payment of $50,00 of the note in advance of its maturity, and would be a sufficient consideration for any promise on the part of the plaintiff to extend the time of payment, and, being made without the knowledge of the defendant, who was a surety merely, would operate to release him.

The only question in the case, then, is, whether what had taken place between Crosby and Hastings operated as an assignment of the same sum to Hastings, so that Crosy had no control over it. It appears to us, that such was not the effect.

The claim, which Crosby had upon the plaintiff, was not in the nature of a debt. It was more in the nature of an unliquidated claim for damages, either in tort, or contract, and, as such, is not subject to assignment. A sale of claims of that character would amount to a virtual sale of suits, and so be, in effect, maintenance. The assignment of a *chose in action* presupposes, that the debt is known and recognized by both parties, and is therefore settled and definite, and that nothing more remains to be done between the parties, to perfect the assignment. If that be not so, the contract of assignment is merely executory, and nothing will vest in the assignee, until the debt is liquidated and the assignment perfected.

It is evident, such was the intention of the parties in the present case, and that they could have only regarded their former contract as executory, as they did in fact execute a written assignment in the summer of 1847, after the debt was settled. We think, therefore, that, until the settlement of the partnership between the plaintiff and Crosby, there was no debt, which could be assigned *in præsenti*, so as to vest any valid interest in the assignee, which would put the matter beyond the control of the parties to the original dealing. It must of course have been in the contemplation of the parties, that the plaintiff and Crosby would have to settle this dealing, and that

they would settle it as they deemed just. And as long as anything more remains to be done by the vendor, or assignor, and there has been no actual delivery of the thing, as a general rule, no title vests in the assignee.

As a general rule, too, an assignment of a thing, by way of pledge, is wholly inoperative without delivery; and we do not see, why this will not apply to *choses in action*, as well as to things in possession. We know of no case, where a mere agreement to assign a *chose in action*, without even a symbolical delivery, has been held valid, between the parties even. In the case of a note, or bond, the delivery of the contract is sufficient. So, too, when the assignment of an account is made, it has been held sufficient to deliver the bill. And when the assignment is in writing, the delivery of the writing would very likely be sufficient. But we recollect no case, where the mere agreement to assign has been held an assignment, in the present tense. It is evident, from what subsequently passed between the parties, that they regarded the first agreement to assign as *merely inchoate*, and not as vesting any present interest in the unliquidated balance of the partnership dealings.

Upon both these grounds, then, we think this opposed no obstacle to the contract between the plaintiff and Crosby.

And if it had been merely doubtful, as to the validity of Hastings' claim, and the plaintiff were inclined to run the risk of it, the agreement by Crosby, that he might apply the balance of the partnership upon this note, could hardly be said to be a contract without consideration. It would possess both requisites of a valid consideration. It would, or might be, a benefit to the promissor and an injury to the promissee. The plaintiff, the promissor, would get $50,00 paid on his note without the risk of ultimately losing it, or having to go into chancery to compel the set off; and would also get the pay in advance of the maturing of the note; and the promissee, Crosby, would be the loser in both these particulars; and the fact, that the plaintiff must also run the risk of being compelled to pay the same amount to Hastings, will make no difference, unless it is *certain* he will have to pay him, which can never be the case, as his claim is, at the most, merely *collateral*, and Crosby may pay him otherwise, as he is bound to do.

So that it seems to us, that, upon either of these grounds, it must

be regarded, that the contract between the plaintiff and Crosby is upon sufficient consideration, and does release the defendant.

It should be borne in mind, too, that the *amount* of the consideration for a promise is of no importance. A pepper corn is ample consideration for a promise to any extent. So long, then, as any interest whatever in this balance remained in Crosby, his promise to have it apply upon the note must be of some value. The chance of ultimately obtaining it would be thereby increased. And as an assignment to secure a debt would of necessity leave some residuum in him, it would afford sufficient consideration for a promise to wait, on the part of the plaintiff, he knowing all the facts and not being in any sense misled. So that, upon either of the grounds named, it would seem, the promise was upon valid consideration.

Judgment reversed and case remanded.