Hon. LOYAL C. KELLOGG,
Hon. ASAHEL PECK, } Assistant Judges.
Hon. BENJAMIN H. STEELE,

---

## J. O. Wescott *v.* Luke Potter, and *Trustee* Isaac Merrick's *Estate,* Moses McFarland, *Claimant.*

*Trustee Process. Assignment. Unliquidated Claim. Change of Possession.*

P. made a contract with M., in writing, to carry on M.'s farm for a year upon shares, and also to board M. and his daughter. Before the expiration of the year, P. made a written assignment of all his interest in the stock on said farm, and his claim against M. for board to F., to secure the payment of a note F. had against him. *Held,* that said assignment passing no interest in the stock, and the claim being mostly for board, no change of possession as to the farm or delivery of the written contract was necessary in order to render the assignment valid.

An unliquidated balance of an account is assignable. The *dictum* of REDFIELD, J., to the contrary in the case of *Whittle* v. *Skinner*, 23 Vt. 531, overruled ; and the case commented upon and explained.

TRUSTEE PROCESS.    The commissioner reported that one Luke Potter, principal debtor, on the 20th day of September, 1861, was carrying on Isaac Merrick's farm under a written contract, and that said Potter was indebted to Moses McFarland, claimant, in the sum of thirty-eight dollars and fifty cents, as specified in the note attached to the assignment, and in order to secure the same, made the assignment to said McFarland.

Said assignment was made on the 20th day of September. The notice to said Merrick was made on the 28th day of September, and given to said Merrick, by said Potter, on the 30th day of September, 1861.    The writ in this suit was prayed out and served on the 2d day of October, 1861, and the court holden on the 28th day of October, 1861.

That the amount due for board on the 30th day of September, after deducting the list of credits, depends upon the construction of the assignment and farm contract.    If the court should be of the opinion that the assignment is invalid, then I find the sum of sixteen dollars due from said Merrick to said Potter, at the time of the service of the writ, after deducting the credits of forty dollars and sixty cents, and the sum of twenty-two dollars at the time of the justice court, and the sum of sixty-one dollars and eighty-five cents as allowed before the commissioners on said Merrick's estate, which sum embraces the two previous, all related to and grew out of the farm contract.

If the court should be of the opinion that the assignment is valid, then I find nothing due from said Merrick for which he could be held as trustee of said Potter at the date of the justice trial.

The farm contract has mainly been kept at the town clerk's office in Waterville, where it was put by the parties to it.    It has been used at the justice court, before the commissioners, and on the present trial.    But it does not appear that the said McFarland has ever had possession of it, or ever given the town clerk notice of the assignment of it.    Said claimant never took possession of the farm or stock.

### NOTE.

$38.50.

For value received, I promise to pay Moses McFarland, or bearer, thirty-eight dollars and $\frac{50}{100}$, on demand, with interest annually.

Morristown, September 20th, 1861.

### ASSIGNMENT.

Sold and transferred as security for the above note to said M. McFarland, or bearer, all my right, title, interest and claim to the stock on the place now occupied by me, and in the spring of 1862, when the same is to be appraised; also my claim against Isaac Merrick, relative to his board, to commence four weeks from this date, meaning that the said Merrick shall pay to said McFarland what is coming to me, except what is necessary to pay for hired house help, until the above note is paid.                    LUKE POTTER.

Morristown, September 20th, 1861.

### NOTICE.

WATERVILLE, September 28th, 1861.

MR. J. H. MERRICK,

SIR.—I hereby notify you that Luke Potter has made an assignment to me of all his interest that he has, or may have at the end of the year, in the stock on your place, and any other interest he may have; also what may be due from you for board.

Yours truly,

MOSES McFARLAND.

Upon the hearing on the commissioner's report, at the May Term, 1866, WILSON, J., presiding, the court held that the goods, effects or credits in the hands of the said trustee belonged to McFarland, the claimant, and that the trustee should be discharged with costs,—to which the plaintiff excepted.

*Brigham & Waterman*, for the plaintiff.

*Gleed & Hendee*, for the claimant.

The opinion of the court was delivered by

PECK, J. The question is, whether the county court erred in deciding that the fund in question belongs to the claimant, and in holding the trustee not chargeable. The writ in this case was prayed out and served October 2d, 1861. At that time the principal debtor was carrying on the farm of Merrick, the deceased, upon shares, under a written lease or contract, which is attached to the commissioner's report, by which the principal debtor was to carry on the farm from March 1st, 1861, to March 1st, 1862. Among the stipulations in the lease is one by which the principal debtor is to board Merrick, the deceased, and Esther Merrick, at three dollars per week, for such time during the lease as they shall choose to board with him. Most of the indebtedness to the principal debtor, it would seem from the account adjusted and allowed by the commissioners on the estate of Merrick, accrued for such board. If the written assignment, executed by the principal debtor September 20th, 1861, to the claimant, and of which Merrick was duly notified in writing September 30th, 1861, before the service of the writ upon the alleged trustee, is valid and operative to transfer the fund or indebtedness in question, it is not claimed that the trustee is chargeable. The commissioners on the estate of Merrick, who died in 1864, have allowed a balance against the estate in favor of the principal debtor growing out of the farm contract, including the claim for the board, above stated. It is insisted on the part of the plaintiff that the assignment is inoperative, for the reason that there was no delivery of possession to this claimant of the farm, or personal property upon it, or of the farm contract between Merrick and the principal debtor. In order to give validity to the assignment of the debt in question it was not necessary for the assignee to take possession of the farm or personal property, as it does not appear that, in the allowance by the commissioners on Merrick's estate, anything was embraced based on any interest the principal debtor had in the property. A much less sum was allowed than was presented, and the sum allowed may have all been made up of the item for board; or if some other items were allowed they were not on account of any interest of the principal debtor in any property. Nor was it necessary to deliver the written contract

relating to the carrying on the farm, which remained at the town clerk's office where the parties to it had placed it for safe keeping, obviously for the inspection and benefit of both parties. It was signed by both, and both had a right to have it remain there for the mutual benefit of both. The whole contract was not assigned, but only the indebtedness of Merrick under it. Nor does it appear that in the allowance by the commissioners on Merrick's estate, (which constitutes the debt in question,) anything was allowed except what is embraced in the assignment to the plaintiff. Although this balance was not ascertained at the date of the assignment, we think the assignment, with notice to Merrick, is operative to protect the debt against a subsequent attachment by trustee process. *Whittle* v. *Skinner*, 23 Vt. 531, is relied on by the plaintiff's counsel to show that the assignment is void. That was a case where the evidence, as it was claimed, tended to show a verbal assignment of a balance of an unsettled account between partners, claimed by one partner to be due him from his late partner. The court held that under the circumstances of that case it was an executory agreement to assign, but not intended as an assignment *in presenti.* REDFIELD, J., says, " it is evident from what subsequently passed between the parties, that they regarded the first agreement to assign as merely *inchoate*, and not as vesting any present interest in the unliquidated balance of the partnership dealings." The court, in that case, attach importance to the fact that the assignment was verbal and no delivery either actual or symbolical. But the same Judge, speaking of a verbal assignment, says, in that case, that " where the assignment of an account is made, it has been held sufficient to deliver the bill ;" and adds, " and when the assignment is in writing the delivery of the writing would, very likely, be sufficient." In the case at bar the assignment was in writing and the writing delivered. There is a remark of REDFIELD, J., in that case, and incorporated into the head note, to the effect that an unliquidated balance of an account is not assignable ; but which was not necessary to the decision of that case. This *dictum*, we think, is not sustained by the authorities ; nor does there seem to be any sufficient reason, either upon principle, policy or convenience, to support it. To adopt such a rule would be

very embarrassing in cases of general assignments, as well as in special transactions of this character. The debtor is not by the assignment deprived of any defence in liquidating and 'ascertaining the balance due. In the leading case of *Israel* v. *Douglass*, 1 Hen. Bl. 239, the plaintiff recovered upon the ground that the transaction, though not so in *form*, was, in *effect*, an assignment to the plaintiff of the debt which the defendant owed Delavalle on account, and the account was not only open and unadjusted, but there was a disagreement between Delavalle and the defendant as to the balance due, and the defendant's promise was indefinite in amount ; a promise to pay whatever balance was due. All the judges concurred in a judgment for the plaintiff in that case. WILSON, J., however, doubted whether the plaintiff could recover upon the count for *money had and received*, for the reason that he thought in order to maintain that count, it ought to appear that the original indebtedness from the defendant to Delavalle was for money had and received.

This point, on which WILSON, J., doubted, is the only point on which that case, so far as I recollect, has ever been questioned. *Crowfoot et als.* v. *Gurney*, 9 Bing. 363, (23 E. C. L. 309,) was the case of an assignment of an unliquidated claim which remained to be adjusted, and the court held the assignment valid ; although the point was made in argument, that the debt being thus uncertain in amount was not assignable. It is true, in these cases, the debtor had assented to the assignment, and promised to pay the unliquidated balance, when ascertained, to the assignee ; but that is necessary only to enable the assignee to sue in his own name. His right is the same without such assent, except in the mode of remedy. In *Tibbetts* v. *George*, 5 Ad. & Ellis 118, ( 31 E. C. L. 543,) it was held that all that was necessary to perfect the assignment of a debt, was notice to the debtor of the assignment, without the assent or promise of the debtor. In this case, too, the debt when assigned was uncertain in amount, being an undeclared dividend in expectation out of the estate of a bankrupt. In *Crocker* v. *Whitney*, 10 Mass. 316, where a supercargo of a ship about to make a voyage at sea, at the instance of a seaman who had shipped for the voyage, promised a creditor of the seaman to pay the debt of the seaman to

such creditor, if there should be so much due to the seaman on the return of the ship ; it was held that it amounted to an assignment of the seaman's claim, and was a good consideration for the promise of the supercargo. JACKSON, J., says : " It is no objection to such an assignment that it is of an unliquidated balance of account. If the defendant promises to pay what shall appear to be due from him, he is liable for the amount when ascertained. Nor does it make any difference, if, instead of a debt now due, the assignment is of money which is expected to become due at a future day to the assignor." The case of *Whittle* v. *Skinner*, must rest on the other grounds assigned in the opinion for that decision, and not on the fact that the demand was not assignable by reason of being unliquidated. The demand in the case at bar was assignable, and the assignment and notice give the claimant priority over this trustee process.

Judgment affirmed.