HENRY K. WHITE and another *vs.* O. M. KILGORE and trustee.

Somerset. Opinion December 9, 1885.

*Trustee process. Chose in action, assignment of. Oral assignment.*

To make an oral assignment of a debt due on account valid, as against creditors, or between parties even, there must be a valuable consideration therefor, and at least a symbolical or constructive delivery; although the delivery may be evidenced by a less significant act than is required for the assignment of a chose in action which is capable of manual delivery like an execution, note or bond.

An oral assignment of an account may be made for collateral security merely, and it will be so regarded, if the facts disclose that such was the intention of the parties, whatever may be the form of the transaction or however named.

F owed K on account, and K owed H on account and desired further credit; the three agreed that what F owed K should be paid by him to H on K's account, and then H trusted K on further account. This was an oral assignment to H of K's debt against F; the consideration was the mutuality of the agreement and the new goods; and the transaction was also a constructive delivery, sufficient to satisfy the policy of the law. Such an assignment could as properly be for collateral security as to be an absolute transfer.

ON EXCEPTIONS.

Assumpsit on an account annexed; Joseph T. Flanders was summoned as trustee. The trustee disclosed an assignment of the funds in his hands to Hussey and Conant, who appeared and claimed the funds. The exceptions were to the ruling of the court in favor of the claimants for the full amount in the hands of the trustee.

The report of the evidence, which was made a part of the exceptions, shows that at the time of the assignment, (July 28, 1883,) the trustee was owing the defendant sixty dollars and fifty-three cents, and the defendant was owing the claimants sixty-two dollars and thirty-nine cents, a part of which was for merchandise delivered at that time; that subsequent to that time and before the service of the writ on the trustee, (September 3, 1883,) the defendant had other goods of the claimants, amounting to twenty-four dollars and ninety-four cents, and paid them during that time on account sixty-two dollars and eighty-nine cents, and thus was owing them at the time of the service of the writ, twenty-four dollars and forty-four cents; and the account during all that time stood on the claimants' books in the name of the defendant.

Other material facts are stated in the opinion.

*Danforth* and *Walton and Walton*, for the plaintiffs, contended that the trustee should be charged for the full amount, because the claimants never released their claim, or any part of it, against Kilgore at the time of the alleged assignment, and Kilgore had actually paid them on account after the date of the assignment

and before the service of the trustee writ, all and more than he owed them at the time of the assignment.

Counsel also claimed that the assignment, if made, was void as being within the statute of frauds, citing : *Stewart* v. *Campbell,* 58 Maine, 439 ; *Hilton* v. *Dinsmore,* 21 Maine, 410 ; *Rowe* v. *Whittier,* 21 Maine, 545 ; *Whittemore* v. *Wentworth,* 76 Maine, 20 ; 130 Mass. 437 ; 58 Iowa, 610.

*C. A. Harrington,* for the claimants, cited : Cushing, Trustee Process, 74 ; *Ford* v. *Stuart,* 19 Johns. 342 ; *Sprague* v. *Frankfort,* 60 Maine, 253 ; *Curtis* v. *Norris,* 8 Pick. 280 ; *Jones* v. *Witter,* 13 Mass. 304 ; *Dunn* v. *Snell,* 15 Mass. 485 ; *Crocker* v. *Whitney,* 10 Mass. 316 ; *Vose* v. *Handy,* 2 Maine, 322 ; *Titcomb* v. *Thomas,* 5 Maine, 282 ; *Exchange Bank* v. *McLoon,* 73 Maine, 498 ; *Simpson* v. *Bibber,* 59 Maine, 196.

PETERS, C. J. It is a sufficient statement of the facts of the case, to say that the trustee, (Flanders,) owed the defendant, (Kilgore,) on account, and the defendant owed the claimants, (Hussey and Conant,) on account ; that there was a verbal agreement between the parties that Flanders should pay to Hussey and Conant what he owed Kilgore towards a satisfaction of their debt against Kilgore ; that Flanders promised to send a check to Hussey and Conant, but was trusteed in this suit before the check was sent.

Which party has the better claim upon the fund in the trustee's hands? The claimants contend that the defendant assigned his account against the trustee to them, — that the transaction amounted to an equitable assignment, made orally. The plaintiffs contend otherwise.

The ground taken by the plaintiffs is, that there was not an assignment for two reasons : First, that there was no consideration. Second, that there was no delivery of the debt, or thing assigned.

The doctrine of equitable assignments of choses in action, was at an early date adopted by the law ; and it has been an expanding, growing doctrine. The general rule of courts has been, that to establish a mere oral or unwritten assignment of a chose in action, both a consideration and a delivery must be proved, —

not only as against creditors and subsequent purchasers, but as between the parties themselves. If it be asked why there should be more particularity of the requirement of delivery in equitable than in legal sales, the answer is that from the nature of things, there is nothing else to indicate that it is an executed rather than an executory contract, — nothing to clearly mark the intention of the parties. There would be too much uncertainty and misunderstanding in such equitable contracts, unless the rule respecting consideration and delivery be adhered to. Equity, in its liberality, invented the doctrine, and at the same time, in its caution, provided certain requirements to be observed in its application, While equity dispenses with some forms, it insists upon others.

The element of valuable consideration has been quite rigidly adhered to. Our own cases have uniformly required it. "The presence of a valuable consideratiou becomes the essential and necessary element of an equitable assignment." *Tallman* v. *Hoey*, 89 N. Y. 537. A delivery is just as essential an element as the presence of a valuable consideration. It is said by REDFIELD, J., in *Whittle* v. *Skinner*, 23 Vt. 531, "We know of no case where an agreement to assign a chose in action, without even a symbolical delivery, has been held valid, between the parties even." While, however, delivery or its equivalent is necessary in these cases of "imperfect transfer," rather insignificant acts have been in many instances allowed to answer the requirement. Various circumstances and situations of parties have been construed as tantamount to delivery. And especially is this so in respect to verbal assignments of debts which are not evidenced by any writing, and therefore not susceptible of manual or visible delivery.

In *Robbins* v. *Bacon*, 3 Maine, 346, MELLEN, C. J., said, "A bond or note may be assigned upon valuable consideration by mere delivery to the assignee for his use. In those cases, the bond or note is evidence of the debt due. When the debt is due on book merely, as a man can not deliver over to an assignee of such debt his general book of accounts, a copy of the account taken from the book, with an order on the debtor, may well be

considered as a delivery." In subsequent cases not as much was required. In *Porter* v. *Bullard*, 26 Maine, 448, it was a sufficient delivery that a copy of an account was handed over, and it was there held that a receipt from the assignee to the assignor admitting a transfer to himself was sufficient evidence of a delivery. In *Garnsey* v. *Gardner*, 49 Maine, 167, the court held that the assignment of a debt might be made by parol, and might be inferred from the conduct and acts of the parties. In *Sprague* v. *Frankfort*, 60 Maine, 253, it appeared that a person volunteered for the war, as a substitute for an enrolled man, for the sum of six hundred dollars, verbally agreeing that any future bounties payable to him, should belong to the person whose place he took; and this was held to be a parol assignment. In that case there was nothing to deliver, — and might never be. The assignment was a part of the original agreement and a part of the consideration therefor. The parties acted under it. *Simpson* v. *Bibber*, 59 Maine, 196, is a still more radical case, perhaps. But in that case there was more than merely spoken words to constitute an assignment, — there were circumstances. The assignee had an equitable lien for his repairs.

There should undoubtedly be something more than words to constitute sale and delivery, — there must be some act. "Any order, writing or act, which makes an appropriation of a fund, amounts to an equitable assignment of that fund." Stor. Eq. Jur. § 1047. A constructive delivery may be evidenced by conduct indicating that the assignor relinquishes, and the assignee assumes, control of the chose in action. *Brewer* v. *Franklin Mills*, 42 N. H. 292; *Williams* v. *Ingersoll*, 89 N. Y. 508.

In accordance with this view of the law, we think that the claimants are entitled to a portion of the fund. There was a consideration for the assignment. The claimants let a portion of their goods go upon the strength of the assignment. The agreement to buy the debt was a consideration for its sale. The acts of the three parties, one selling, another buying, and the third agreeing to account to the buyer — done contemporaneously — amounted to at least a constructive delivery. It was enough to "satisfy the reason and policy of the law."

The assignees can not hold all of the fund. Only twenty-four dollars and forty-four cents was due them when the writ was served, while the debt assigned was sixty dollars and fifty-three cents. The transaction has evidently resolved itself into a matter of security. Says STORY, J., in *Flagg* v. *Mann*, 2 Sumner, 486, "If a transaction resolve itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is in equity a mortgage." The fund should be divided as before indicated. Any other view would cast a fraudulent shadow over the original assignment. Such an assignment could as properly be for collateral security as to be absolute. *Taft v. Bowker*, 132 Mass. 277.

> *Exceptions sustained. Claimants to have $24.44 only of the fund.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.