MOORE BROS. GLASS CO. v. DREVET MFG. CO.

(Circuit Court, S. D. New York. April 8, 1897.)

1. COURTS—JURISDICTION OF FEDERAL COURTS—SUIT BY ASSIGNEE.
   Where the original owner of a chose in action, who might have sued thereon in a federal court, assigned the same, he is entitled to sue in such court on again becoming the owner by a reassignment from his assignee, without regard to the citizenship of the latter.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 867, 871.]

2. ASSIGNMENTS—ACTION BY ASSIGNEE—PLEADING—TITLE OF PLAINTIFF.
   Where the payee of a chose in action sues on the same, but it appears that he had previously parted with the title, the complaint must set out the facts showing his present interest and right to maintain the action.

3. COURTS—FEDERAL COURTS—ADOPTION OF STATE PRACTICE—PLEADING—SEPARATE CAUSES OF ACTION—NEW YORK PRACTICE.
   Under Code Civ. Proc. N. Y. § 483, which governs in actions at law in federal courts in that state, each cause of action relied on must be stated separately in the complaint, and each must contain in itself facts sufficient to sustain such cause of action, irrespective of any averments in other counts.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 921.
   Conformity of practice in common-law actions to that of state courts, see note to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

---

[1] Affirmed in 143 Fed. 256, 74 C. C. A. 394.

On Demurrer to Answer.

Albert H. Atterbury (John Brooks Leavitt, of counsel), for plaintiff.

Anton Gronich (Nathan Ottinger, of counsel), for defendant.

HAZEL, District Judge. The plaintiff is a citizen of the state of New Jersey, and the defendant is a citizen of the state of New York. The answer avers that the chose in action in controversy was assigned by the plaintiff, who was the original owner thereof, to one Martinez, a citizen of the state of New York, and subsequently, to confer jurisdiction upon this court, it was reassigned by Martinez to the plaintiff. A question of the jurisdiction of the court to entertain the action is therefore raised which may be disposed of on demurrer. Section 1 of the judiciary act of March 3, 1887 (18 Stat. 470, c. 137), as corrected by the act of August 13, 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), substantially provides that the United States courts shall not have jurisdiction of any suit upon a chose in action in favor of any assignee, unless the action might have been prosecuted in such court if no assignment or transfer had been made. The complaint does not allege the assignment to Martinez nor the reassignment to the plaintiff of the chose in action, but such allegations of fact, being contained in the answer, are, of course, admitted by the demurrer. The pleader evidently proceeded upon the theory that the status of the cause of action was precisely as if no intermediate assignment or reassignment had been executed. The defendant contends that the defense demurred to is valid, and, in addition thereto, that neither cause of action states sufficient facts to constitute a cause of action.

To sustain the first proposition, reliance is placed upon the case of Mollan v. Torrance, 9 Wheat. 537, 6 L. Ed. 154, where it was held that an action on a promissory note brought by the assignee thereof, who obtained title through several intermediate assignments, was bad if it omitted to allege that the assignor from whom the plaintiff derived title could have brought the action in the courts of the United States. That the later amendments to the statute have not affected the question in issue is not disputed. The case cited is not a controlling authority, for there the title to the promissory note came directly through one Lowrie, the immediate indorser of Torrance, whose citizenship was not averred in the declaration, while in the case under consideration the original title of the chose in action was in the plaintiff who could have brought the action in this court. Hence the problem is whether the original owner of the chose in action, a citizen of the state of New Jersey, who was qualified to sue in the federal courts, having assigned the chose in action and regained ownership thereof by reassignment from the same person to whom it had assigned, may enforce its remedy in this court. The rule seems to be that, where the original owner might have sued in the federal courts if the chose in action had not been assigned, an assignee thereof is not deprived of his right to sue in said courts upon assignment of the chose in action to him, although his immediate assignor could not enforce the remedy in the courts of the United States. In enunciating this principle, Justice Grier, in Milledollar v. Bell, Fed. Cas. No. 9,549, a case where the plaintiff·

was a citizen of the state of New York, and the defendant a citizen of the state of New Jersey, and where there had been intermediate assignments, says:

"The statute does not take from the assignee of a chose in action his right to sue in the courts of the United States, unless his immediate assignor could have sustained such action; but only in case the court could have had no jurisdiction as between the original parties to the instrument, if no assignment had been made. The situation or rights of temporary immediate assignees, holders, or indorsers enters not into the conditions of the case."

The Supreme Court in Emsheimer v. New Orleans, 186 U. S. 45, 22 Sup. Ct. 770, 46 L. Ed. 1042, distinctly approved the principle quoted. Portage Water Co. v. Portage (C. C.) 102 Fed. 769; Wilson v. Fisher, Fed. Cas. No. 17,803. Upon the authority of the cases cited the demurrer to the second defense in the answer is sustained.

The point is raised by the defendant that the second defense is good because the intermediate assignments are not set out in the complaint. Inasmuch as the plaintiff regained title to the claim in controversy, it having previously parted with the title, the present interest of the plaintiff and its right to maintain the action must be shown. Parker et al. v. Totten et al., 10 How. Prac. (N. Y.) 233; Kolze v. Hoadley, 200 U. S. 76, 26 Sup. Ct. 220, 50 L. Ed. 377.

The next point arises from the defendant's assertion that neither cause of action set forth in the complaint is well pleaded. The demurrer to a part of the answer enables the defendant to challenge the validity of the complaint. Gabay v. Doane, 66 App. Div. 507, 73 N. Y. Supp. 381; Parker Co. v. City of New York, 110 App. Div. 360, 97 N. Y. Supp. 200. Defendant contends that no delivery of bottles is alleged, and no damages are claimed to have been sustained. As this action evidently is for work, labor, and services performed, and not, as assumed by the defendant, for breach of contract, the objection is thought immaterial, although the allegations of the complaint are meagerly expressed.

The fourth point complains of the plaintiff's failure to repeat or make reference to essential allegations contained in the first cause of action. The rule of pleading of the courts of the state of New York requires that different causes of action relied upon must be stated separately, and each must contain facts sufficient to sustain such cause of action, irrespective of any averments in the first cause of action. Code Civ. Proc. N. Y. § 483; People v. Koster, 50 Misc. Rep. 46, 97 N. Y. Supp. 829.

Accordingly, the objections to the complaint on the second and fourth point are sustained, and the demurrer to the second defense set out in the answer is sustained, with leave to the plaintiff to amend within 20 days, without costs to either party.