## Lapham Motors, Inc. v. Rutland Railway Corp. et al

[128 A2d 320]

Special Term at Rutland, November, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.**

Opinion Filed January 2, 1957.

*Edmunds, Austin & Wick* for the plaintiff.

*Lawrence & O'Brien* for defendant Rutland Railway Corp. and *Black, Wilson, Coffrin & Hoff* for defendant Payette.

**Cleary, J.** This is an action of tort for damages resulting from the alleged negligence of the defendants when an automobile, owned by the plaintiff and driven by the defendant Payette, was struck by a train operated by the defendant Rutland Railway Corp. Each of the defendants filed a plea of *nul tiel corporation*, to which pleas the plaintiff demurred, and the demurrer was sustained. The defendants were granted leave to replead. They then filed amended pleas of nul tiel corporation to which the plaintiff demurred. Hearing was had thereon, the demurrer was sustained, each defendant excepted to the sustaining of the demurrer and the cause was passed to this Court before final judgment in accordance with the provisions of V. S. 47, §2124.

The first claim made by the defendants is that if the plaintiff is to maintain an action it must have legal existence and that the plaintiff has failed to show legal existence. There is no allegation in the complaint that the plaintiff is a corporation but the writ describes it as "Lapham Motors, Inc. of Burlington, in the State of Vermont, a corporation organized under the laws of the State of Vermont." The description in the writ is sufficient. It imports an existing corporation and need not be alleged in the complaint. *Burlington Grocery Co.* v. *Heaphy's Estate*, 98 Vt 122, 124-125, 126 A 525; 13 Am Jur, Corporations, §1164, n. 13.

The defendants' pleas of *nul tiel corporation* allege that "when this action was begun there was not a corporation, Lapham Motors, Inc., and since then there has been no such corporation and there is not now any such corporation, and for that reason there is no party plaintiff to this action, and there never has been a party plaintiff." The plaintiff filed a demurrer

saying "that the pleas are not sufficient in law to entitle the defendants to the relief therein prayed for, and that said pleas do not set forth any facts necessary to make a good plea and that the facts that lead to the legal conclusion that the corporation is dissolved or has ceased to exist or does not now exist have not been averred in the pleas."

■ A demurrer must distinctly specify the reason why the pleading demurred to is insufficient. V. S. 47, §1613 III. The defendants claim that the demurrer does not distinctly specify the reason why the pleas are insufficient and that the portion of the demurrer beginning with the words "and the facts that lead to the legal conclusion" et seq. is in substance a speaking demurrer, and that the plaintiff should have made this claim by a proper replication and not by demurrer.

■ The demurrer does not distinctly specify why the pleas are not sufficient in law and so does not comply with the requirement of V. S. 47, §1613 III. The demurrer also introduces and is based on extraneous facts which do not appear in the pleas and so is bad as a speaking demurrer. *Vermont Hydro-Electric Corp.* v. *Dunn*, 95 Vt 144; 152, 112 A 223, 12 ALR 1495; *Town of Randolph* v. *Lyon*, 106 Vt 495, 498, 175 A 1; *Farm Bureau Ins. Co.* v. *Houle*, 118 Vt 154, 161, 102 A2d 326. The claims which the plaintiff here makes in its demurrer should have been made by a replication to the pleas.

*The order sustaining the demurrer is reversed. The demurrer is overruled and the cause is remanded.*