## Lapham Motors, Inc. v. Rutland Railway Corp. Et Al

[146 A2d 242]

September Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ**

Opinion Filed November 5, 1958

*Edmunds, Austin & Wick* for the plaintiff.

*Edwin W. Lawrence* for defendant Rutland Railway Corp. and *Black, Wilson, Coffrin & Hoff* for defendant Payette.

**Hulburd, J.** This is an action of tort brought in the name of Lapham Motors, Inc., by a writ dated June 22, 1954 in which recovery is sought for damages to an automobile belonging to the plaintiff which was struck by a train of the defendant railway corporation on August 12, 1951. The car at the time was being operated by defendant Payette. Each of the defendants filed a plea of *nul tiel corporation.*

To this plea, a demurrer by the plaintiff was sustained by the county court, but a reversal resulted in this Court as may be seen in a report of the case in 119 Vt 443, 128 A2d 320. Following a remand, the plaintiff filed a replication which brought into the case the following allegations: (1) that at the time of the negligent acts complained of there was a corporation, Lapham Motors, Inc. in existence and authorized to do business under the laws of Vermont; (2) that the automobile damaged by the acts complained of was insured in the Federal Insurance Company, a New York corporation authorized to do business in Vermont, against damage caused by collision; (3) that under its policy the insurance company paid the loss in question and took an assignment on August 30, 1951, from Lapham Motors, Inc., pursuant to a subrogation clause in its contract (set out in the pleading) and thereafter instituted this action for its benefit, namely, of the Federal Insurance Co. In rejoinder to the plaintiff's replication, each of the defendants alleged that on September 30, 1952 Lapham Motors, Inc. filed a voluntary certificate of dissolution with the Secretary of State (a copy of which was set out in the pleading). There follow further allegations to the effect that the Federal Insurance Company knew of this dissolution;

that it never gave the defendants notice of any fact that would indicate that it was subrogated to the rights of Lapham Motors, Inc.; that it instituted this action two years after Lapham Motors, Inc. had filed a certificate of dissolution; that it elected to sue in the name of Lapham Motors, Inc. even though it could have sued in its own name as provided by V. S. 47, §1622. The rejoinders concluded "Wherefore, said Federal Insurance Company has waived its right to bring an action in the name of Lapham Motors Inc. if it ever had one and is now estopped from maintaining such an action in the name of said Lapham Motors Inc."

With the substance of the pleadings being as stated, hearing was had on them by the court below. The resultant order was as follows:

"1. The plea in bar of each defendant is adjudged sufficient and said cause is dismissed.

"2. Judgment is entered for each defendant to recover costs.

"3. Exceptions are saved to the plaintiff on all grounds."

In brief we are presented with the question of whether an assignee is entitled to institute an action at law in 1954 in the name of an assignor-corporation which, after giving the assignment, went into voluntary dissolution in 1952.

First, however, the defendants have raised a technical question. They urge that the "exceptions on all grounds" saved by the plaintiff is too general and is not for consideration. The function of an exception is to make clear the error that is claimed. Where the court below has made an order that a plea is adjudged sufficient and the plaintiff has excepted to that order it cannot be said that the exceptions are "too general." The order itself has supplied the particularity. It specifically saves the question "Is the plea sufficient?" The cases cited by the defendant are not in point. It has always been regarded that an exception of this nature is good in a situation of this sort. See *McLaughlin* v. *Blake,* 120 Vt 174, 136 A2d 492.

We return to the vexing question of under what circumstances can an assignee institute suit in the name of an assignor-

corporation which has been dissolved subsequent to the assignment. In seeking an answer, we will insure a proper approach if we briefly review a basic proposition which the defendants feel is related to our problem.

■ At common law the assignee of a chose in action was obliged to bring his action in the name of the assignor. Where, by statute, the common law rule has been abrogated (*e. g.* V. S. 47, §1622), permission to the assignee to sue in his own name does not deprive the assignee of the right to sue, as before, in the name of the assignor. *Stoddard & Son* v. *Village of North Troy*, 102 Vt 462, 472, 150 A 148, and see 6 CJS p. 1172. The fact, therefore, that the assignee might have brought suit in its own name here is in no way determinative of the question before us. The defendants have no basis for claiming otherwise unless it can be found in our voluntary dissolution statute. V. S. 47, §5852 sets out the procedure for voluntary dissolution of a corporation. The succeeding section, 5853, then proceeds with the following language: "A corporation causing the sworn statement mentioned in the preceding section to be filed with the Secretary of State as therein set forth shall not thereafterwards, in this state or elsewhere, conduct or transact any corporate business nor possess any corporate functions except in case proceedings are instituted against such corporation by creditors, stockholders or members and then only for the purpose of adjusting the rights of such creditors, stockholders or members, and such corporation and all rights and privileges existing thereunder, except as set forth in this section, shall cease to exist."

■ In *St. Albans Granite Co.* v. *Elwell & Co.*, 88 Vt 479, 92 A 974, 976, this Court had occasion to construe the statute quoted. In that case it appeared that the several claims on which suit was predicated had, before suit, been assigned to different creditors, and notice thereof had been given the defendant. While suit was pending, the plaintiff corporation dissolved under the very voluntary dissolution statute mentioned above. Thereupon, the defendant pleaded this fact in bar of the action. It will be seen from this recital of facts that the pleadings confronted the Court with a situation

closely resembling that of the instant case. The Court held that the defendant's plea presented no bar to the action and that the assignee might recover in the assignor's name despite its dissolution subsequent to the bringing of suit. In arriving at its decision, the Court said: "The corporation is not here conducting or transacting corporate business, or exercising a corporate function within the fair meaning of the statute. It is not asserting a corporate right or privilege within that meaning. It is not acting at all. It is the mere passive agency through the use of whose name the assignees are acting. The right to use the corporate name in enforcing these claims passed to and vested in the assignees as an incident of the assignments long before the corporate officers filed their statement. Assuming that the Legislature could, we do not think the Legislature did interfere or attempt to interfere therewith. We do not think the statute extends to the case here presented." To escape the result of the Elwell case, if not its reasoning, the defendants seek to distinguish it on the facts. They point out that there the dissolution came after suit had been brought, while in the suit against them, dissolution preceded the action. In both cases, however, there was a pre-dissolution assignment, and no question is made but that the action in both cases was brought for the benefit of the assignee and not otherwise. Is there any proper distinction to be made between the two? If we give effect to the language of the Elwell decision quoted above, the answer appears to be "no". The right to use the corporate name passed to and vested in the assignees as an incident of the assignment. It passed at the time of the assignment. Having acquired this right, the assignee was at liberty to make use of it when it chose without regard to the continuing existence of the assigning corporation. To hold otherwise would be to allow the assignor to defeat bringing of an action in its name after it has assigned a right so to do. The assignment was a pre-dissolution transaction as to which Lapham Motors, Inc. is not claiming the benefits of corporate personality.

For the attitude of courts generally in cases in which dissolution of a corporation has occurred, see Stevens on Corporations at p. 959 in which he summarizes as follows: "After dis-

solution they cannot claim the benefits of the corporate personality in connection with business subsequently transacted but they remain entitled to the benefits and subject to the incidents of that personality with regard to pre-dissolution transactions." See, more particularly, Fletcher—Corporations, Vol. 16, §8136; *Bank of Alexandria* v. *Patton*, 1 Rob. (Va.) 499, 524; *Craftsmen Finance & Mortgage Co., Inc.* v. *Brown*, 64 F Supp 168.

From what we have said it should be clear that the Federal Insurance Company was entitled to bring suit with Lapham Motors, Inc. as the nominal plaintiff. By so doing there was certainly no indication that it had, as the defendants say, "waived its right to bring an action in the name of Lapham Motors Inc., if it ever had one, and is now estopped from maintaining such an action." Far from waiving or relinquishing its right in that regard, it is insisting on it, and we think properly so.

*The order of the county court adjudging the pleas sufficient and dismissing the cause is reversed and cause remanded.*