**Hendy Brothers, Inc. v. Lee C. Tucker and Hiram Monroe**

[ 229 A.2d 301 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

*Conley & Foote* for plaintiff.

*Peter Forbes Langrock* and *Mark L. Sperry* for defendant.

**Shangraw, J.** In this action the plaintiff seeks to recover of the defendants the amount due on the purchase price of an industrial wheel tractor with a front loader and back hoe sold and delivered by the plaintiff to the defendants under a conditional sales contract dated December 6, 1963.

The defendants responded by filing an affidavit of defense stating that the tractor was not in the same condition as represented; that plaintiff agreed to take the tractor back; that plaintiff did, in fact, take the tractor back which has been in its possession since sometime in the spring of 1964; and that there has been a satisfaction of the contract by plaintiff's repossession of the property.

The case came on for trial by jury. At the close of plaintiff's evidence the defendants moved for a directed verdict which was granted and judgment entered thereon. The plaintiff has appealed.

The conditional sales contract recited a total purchase price of $5200 payable $387 with the order, $913 at time of delivery of the equipment, and $3900 due April 1, 1964. No sums were in fact ever paid on the agreed purchase price. The initial payment of $387 referred to in the contract was charged to defendants' current open account. The $913 represented a discount to induce defendants to purchase the equipment.

The plaintiff assigned the contract to the John Deere Company showing a balance owing of $3900 plus a $5.00 fee charge. Plaintiff received credit therefor on its account. Shortly thereafter, on investigation by the John Deere Company, the credit of $3900 to plaintiff's account was revoked and the contract returned to plaintiff.

The equipment was used by the defendants to some extent about four months during period from December 6, 1963 to April 1964.

Defendants were dissatisfied by reason of certain parts of the equipment which required repairs or replacements.

This suit was commenced by writ dated January 22, 1965, and on the same date the equipment was attached by a sheriff who took possession of the property for "safe keeping." The sheriff has since continued in possession of the property under the writ.

The plaintiff claims error on the part of the trial court in granting the defendants' motion for a directed verdict.

In support of their motion before the trial court, the defendants urged such action on two grounds. First, that plaintiff had failed to establish its existence as a legal entity and therefore not entitled to the jurisdiction of the courts of the State of Vermont. Secondly, that plaintiff had failed to plead an obligation on the part of the defendants, in favor of the plaintiff, as assignee, based on the reassignment of the contract to plaintiff by the John Deere Company. In its brief the plaintiff counters by asserting that neither ground has judicial or factual support. It now seeks a reversal of the judgment.

Chapter 1, of Title 11, V.S.A. provides for the organization of domestic corporations. Section 46 thereof contains the following provisions relating to a corporate name.

"A corporate name may be assumed which is not the same as or deceptively similar to any name in use by a domestic corporation, or by a foreign corporation authorized to do business in this state, or to a partnership registered under section 1621 of this title. The name of any such corporation, except religious societies, shall include the word 'Corporation' or the word 'Incorporated,' or the abbreviation 'Inc.' "

Thus we not only have the long established practice of referring to a corporation by the abbreviation "Inc." but also have its statutory authorization. The writ reveals that the plaintiff was set forth therein as "Hendy Bros., Inc. of Middlebury, in the County of Addison, State of Vermont." John David Hendy also testified that he was president of Hendy Bros., Inc.

Title 12 V.S.A. §1026 also states:

"It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a repre-

sentative capacity or the legal existence of a corporation or an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court."

In the case of *Burlington Grocery Co.* v. *Heaphy's Estate,* 98 Vt. 122, 124, 126 Atl. 525 we find this language. "The prevailing view is that in an action by a corporation in its corporate name it is not necessary to allege that the plaintiff is a corporation, except in cases where the action in its gist and substance involves the fact of corporate existence." *Lapham Motors* v. *Rutland Railway Corp.,* 119 Vt. 443, 444, 128 A.2d 320 also holds that in an action by a corporation in its corporate name there need be no allegation that plaintiff is a corporation. The name in which plaintiff brought suit imports an existing corporation.

██ Here, the charter powers, or its corporate existence, are not the foundation of this action. The exception in §1026, *supra,* requiring averment of the legal existence of plaintiff as a corporation ". . . to the extent required to show the jurisdiction of the court" has no application in this case.

This is not a question of lack of jurisdiction over the subject matter as claimed by the defendants. The trial court had jurisdiction of the defendants and the subject matter of the litigation. More correctly, the question posed is lack of plaintiff's capability to sue, and therefore absence of jurisdiction over the plaintiff. The defendants failed to include as a dilatory defense the personal jurisdiction issue, which in effect they now assert. This brings into focus 12 V.S.A. §1034 which in part reads:

"Every defense, in law or fact, to any pleading, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person. . . ."

The foregoing section concludes by stating that "If a party files a motion or pleading and does not include therein all the defenses numbered (2) to (6) inclusive, then available to him, he may not thereafter raise any of said defenses or objections so omitted."

██ Failure to plead lack of jurisdiction over the person constitutes a waiver of this defense. *O'Brien* v. *Comstock Foods, Inc.,* 123 Vt. 461, 467, 194 A.2d 568. In referring to defenses specified in subdi-

visions (2) to (6) of 12 V.S.A. §1034, and not pleaded, Chief Justice Holden at page 467 of the above opinion made this observation, "Thereafter, omitted defenses within these categories are gone and cannot be introduced at a later time."

As a second ground for a directed verdict defendants urged below that the complaint failed to allege that plaintiff was the actual bona fide owner of the conditional sales contract or therein set forth when and how it acquired title thereto from John Deere Company. On brief they call attention to 12 V.S.A. §1073 which reads:

"The assignee and bona fide owner of a nonnegotiable chose in action may sue thereon in his own name. He shall allege in his complaint that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto. This section shall not affect the defenses which the debtor might have made had the action been brought by the assignor."

■ The statutory requirement that an assignee of a nonnegotiable chose in action must allege the derivation of his title is to show his right to maintain the action thereon. This permits a defendant to require proof of the assignment if he so desires. 6 Am. Jur. 2d Assignments, §134; *Brown* v. *Esposito,* 157 Pa. Super. 147, 42 A.2d 93. By appropriate pleading the validity of an assignment might well be made an issue.

■■ A chose in action may be reassigned to the former assignor. However, where a plaintiff has previously assigned the chose, reassignment to him should be alleged. 6 C.J.S. Assignments, §137, subdivision c.(1), p. 1191. *Moore Bros. Glass Co.* v. *Drevet Mfg. Co.* (C.C.N.Y.), 154 F. 737.

While none of the parties to this litigation are strangers to the contract, the language of §1073, *supra,* is clear and makes no exception to the foregoing requirement where by reassignment title to the chose in action comes to rest in the original owner, such as here.

■ Following the plain language of the statute plaintiff should have alleged in its complaint that it was the actual bona fide owner of the contract and set forth therein when and how it acquired title thereto.

This is the generally accepted view in other jurisdictions with corresponding statutes, as well as prior decisions of this Court. *Butler* v. *Milton Co-op Dairy Corp.,* 112 Vt. 517, 518, 28 A.2d 395. On the subject of assignments, see *Whittle* v. *Skinner,* 23 Vt. 531; *Loomis*

*& Jacobson* v. *Loomis,* 26 Vt. 198, 203; and *Farmers Exchange* v. *Lowney Co.,* 95 Vt. 445, 115 Atl. 507.

The plaintiff's evidence undisputably established the assignment of the contract by the plaintiff to John Deere Company, its reassignment by the latter back to the plaintiff, its ownership by the plaintiff at time of suit and trial, and the existence of the obligation owing by the defendants for which plaintiff brought suit. Proof of these facts was received without objection on the part of the defendants.

 Failure on the part of plaintiff's complaint to conform to §1073, *supra,* was first raised by defendants' motion for a directed verdict following the completion of plaintiff's evidence. It was incumbent on defendants to urge the issue of the claimed infirmities of the complaint at the first opportunity, which they failed to do, and not delay until the close of plaintiff's evidence. They struck too late and are not now in a position to successfully invoke the statute, or claim prejudice. *Vaillancourt* v. *Dutton,* 115 Vt. 36, 38, 50 A.2d 762; *Commercial Finance Corp.* v. *Gale,* 105 Vt. 3, 8, 163 Atl. 899.

██ In support of the judgment the defendants further contend that the property in question has been in possession of the plaintiff since the spring of 1964 and that by its failure to sell the same at public auction as provided for under the provisions of 9 V.S.A. §1694, such property is deemed to have been taken and accepted in full satisfaction of the lien under the provisions of 9 V.S.A. §1695.

The foregoing sections presuppose that property sold under a conditional sales contract is repossessed, after condition broken, under and by virtue of the contract.

The uncontroverted evidence refutes the view that plaintiff asserted rights of ownership of the equipment in question, or gained possession thereof, under the contract. The contrary affirmatively appears. See, *Anderson* v. *Knapp, et al,* 126 Vt. 225 A.2d 72, 77.

This property was attached by a sheriff under the authority of the writ issued in this action. His return reveals ". . . I took said property so attached into my possession for safe keeping." Presumably, this action was taken by the sheriff to preserve the property and make it available to respond to any judgment which might be rendered for the plaintiff in this action. The defendant's claim that the lien has been satisfied is without merit.

· The action of the trial court in granting defendants' motion for a directed verdict and entry of judgment thereon was improper and cannot be sustained.

*Judgment reversed and cause remanded for a new trial.*