EDWIN JUDSON

*v.*

JOHN M. STEPHENS *et al.*

| 75 | 255 |
| 122 | 291 |
| 75 | 255 |
| 126 | 76 |
| 75 | 255 |
| 135 | 386 |
| 75 | 255 |
| 138 | 204 |
| 75 | 255 |
| 145 | 244 |
| 145 | 442 |
| 75 | 255 |
| 155 | 150 |
| 75 | 255 |
| 164 | 633 |

1. BILL OF REVIEW. A bill of review may be brought upon error in law appearing upon the face of the decree, without further examination of matters of fact, or upon new matter which has been discovered after the decree, and could not fairly have been used when the decree was made.

2. SAME — *must give copy of the entire record, except the evidence.* The object of a bill of review being to bring before the court for inspection the record of the proceedings sought to be reviewed, so that the court can, on inspection, determine if there is error upon the face of the decree, the bill will be defective, if it fails to set out a complete copy of the original bill, answer and decree. Such a bill should set out every thing except the evidence upon which the decree was rendered.

3. SAME — *performance before filing.* Where a decree in a proceeding to enforce a mechanic's lien decreed the sale of the interest of the landlord, under a contract made by his tenant without his knowledge, and required the tenant to pay the sum found due, and in default of his payment, that the fee in the premises be sold, it was *held* that the landlord was not bound to pay the debt in order to enable him to maintain a bill of review.

4. MECHANIC'S LIEN — *for work done for tenant.* Where a tenant contracts for the erection of a building, etc., without the knowledge and approval of the landlord, this will not give the workman any lien upon the title of the landlord. The interest of the tenant alone should be decreed to be sold, and it is error to order the sale of the landlord's title.

5. Where a petition for a mechanic's lien shows that the person for whom the work and labor were performed was only a tenant, the landlord, though made a party and served, cannot place his rights and interest in any better position by answering. In such a case a decree directing a sale of the fee is not authorized by the petition.

6. CHANCERY PRACTICE — *defects in bill, how reached.* The correct practice to reach defects in a bill in chancery is to demur. When it is sought to give a motion to dismiss the effect of a demurrer, it should bring to the attention of the court the defects relied on, and the party will not, on appeal, be allowed to urge other and different causes.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Mr. JOSIAH H. BISSELL, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, in the Cook circuit court, brought by Edwin Judson against John M. Stephens, Richard Duval and Wm. Duval, to review a decree obtained by them against complainant and others in a proceeding to enforce a mechanic's lien.

The appellees filed a motion in writing to strike the bill from the files, and based the motion on the following reasons:

*First.* That the said bill is improperly filed, the remedy of the complainant herein being by appeal or writ of error, and not by bill of review.

*Second.* That it appears, on the face thereof, that the complainant herein has had an opportunity to assert his rights and make his defense in the case to review which this bill is brought, and has neglected there to assert the same.

*Third.* That it does not appear that the said complainant herein has performed the decree to review which this bill is filed.

The court allowed the motion, and the bill was stricken from the files at the costs of complainant.

To reverse this judgment appellant has prosecuted an appeal to this court.

We understand the rule to be, that a bill of review may be brought upon two grounds: first, upon error in law appearing upon the face of the decree, without further examination of matters of fact; or, second, upon new matter which has been discovered after the decree, and could not possibly have been used when the decree was made. Daniell's Ch. Pr. 1576; Story's Eq. Pl. 404; *Griggs* v. *Gear*, 3 Gilm. 3.

This bill was filed upon error alleged to be apparent on the face of the decree.

It is averred that, on the 11th day of September, 1872, appellees filed a bill in the circuit court of Cook county against Frederick A. Werchelman, appellant and others, in which it was alleged appellees entered into a contract with Werchelman to erect a building upon certain premises, upon which he had a leasehold interest; which premises he held under a lease from Leopold, Koch & Co., dated March, 1872, and running five years.

That under the contract appellees performed the work agreed upon, and at the time of the commencement of the suit there was due them $1,086, with interest; the bill prays that appellees may have a valid and prior lien upon the premises and the interest of Werchelman and his assigns, and that the premises may be sold to pay the amount of their debt.

It is further alleged in the bill that a default was taken as to all the defendants in the suit to enforce the lien, and that in November, 1873, a decree was rendered, which, after finding that the work was done under a contract with Werchelman, it was by the decree ordered that appellees have a valid and first lien upon the premises, and that they be sold, and all and singular the right, title and interest of Werchelman, appellant and others, who were defendants therein, be sold at public auction.

In *McCarty* v. *Carter*, 49 Ill. 53, it was held that a tenant for life or years could not by contract create a lien upon the fee; that he might by contract create a lien to the extent of his right and interest in the premises, but no further.

It was expressly stated in the petition filed by appellees, as is averred in the bill, that Werchelman held the premises as a subtenant under a lease, and there is no averment that the work was done with the knowledge or by the consent of appellant, the owner of the fee.

Under such circumstances it is apparent that Werchelman could make no contract with appellees which would give them a lien upon the fee of the premises for work performed or materials furnished thereon.

33—75TH ILL.

The court in which the decree was entered had an undoubted right to order whatever interest Werchelman had in the premises to be sold, but the court had no power whatever to decree that the fee of the premises should be sold to discharge the lien of appellees.

It is, however, urged by appellees that, appellant having been served with process, it was his duty to have appeared and set up his interest by way of answer in the suit to enforce the lien; and as he failed to do this he cannot now be heard to complain.

An appearance by appellant as owner of the fee, and answer, could not have placed his interest and rights in any better condition to be protected than they were placed by the averments of appellees' petition.

The difficulty with the record in the proceedings to enforce the lien is, the decree directing a sale of the fee was not authorized by the allegations in the petition, which clearly showed that Werchelman had no interest except that of a tenant.

It is, however, urged by appellees that the bill cannot be maintained, because appellant has neither performed nor offered to perform the decree.

The general rule is, a decree must be obeyed before a bill of review can be brought. To this general rule there are, however, exceptions. It is said by Story, in his work on Equity Pleading, § 406, if any act be decreed to be done which extinguishes the parties' right at common law, as, making assurances or release, acknowledging satisfaction, canceling of bonds or evidences, and the like, it is declared that those parts of the decree are to be spared until the bill of review be determined.

In this case, appellant is not decreed to pay any money, or do or perform any act; his land is ordered sold to pay the debt of another. It would neither be reasonable nor just to require him to pay the amount of the decree, a debt which he never contracted, to which he is an utter stranger, and under no legal obligation to pay, before he should be permitted to assert his rights in a court of equity.

The reason and spirit of the rule would only require the party to perform so much of the decree as, by its terms, he was ordered to perform at the time of filing the bill; and in this case, as appellant was not decreed to pay the debt, or required by the terms of the decree to obey any of its provisions whatever, an offer of performance on his part was not necessary.

Appellees, in their brief here, also urged that the bill was properly dismissed because it failed to set out the entire decree.

The object of a bill of review is to bring before the court for inspection the record of the proceedings of the suit in which it is alleged error appears; upon an inspection of that record the court determines whether error is apparent upon the face of the decree.

A bill which fails to set out a complete copy of the bill, answer and decree to be reviewed is clearly defective. A party called upon to defend a decree should not be required to interpose a defense until his adversary has incorporated in his bill a complete copy of those documents.

A court should not be required to act upon fragments of a bill, answer and decree. To act understandingly, every thing pertaining to the record should be brought before the court, except the evidence upon which the decree is rendered.

This doctrine was settled by this court as early as the case of *Turner* v. *Berry*, 3 Gilm. 543, and re-affirmed in the case of *Gardner* v. *Emerson*, 40 Ill. 296.

But while the bill in this case is insufficient and defective in failing to bring before the court a complete copy of the bill and decree sought to be reviewed, appellees are in no position to take advantage of the defect.

The correct practice to reach a defect in a bill in chancery is to demur. This was not done.

Appellees, instead of demurring to the bill, as they should have done, entered a motion to dismiss. A motion of this character has sometimes been treated to operate in chancery practice as a demurrer, but to have that effect the motion should

bring to the attention of the court the defect in the bill. The motion, however, made by appellees, was not based upon this defect in the bill.

Several causes for dismissal were specified, but the fact that the bill did not set out a complete record was not one of them. The objection made to the bill for the first time in this court comes too late. The decree of the circuit court dismissing the bill will be reversed, and the cause remanded, with directions to the circuit court to proceed with the cause according to this opinion. Appellant will have leave to amend his bill.

*Decree reversed.*