KATE T. KUTTNER

*v.*

CHARLES H. HAINES.

*Filed at Ottawa November 26, 1890.*

1. BILL OF REVIEW—*requisites of the bill.* A bill of review is not sufficient which sets out merely a synopsis of the former bill or answer. The pleader must set out the bill, answer, replication and decree. This constitutes the record for the inspection of the court.

2. SAME—*conditions to relief—performance of decree sought to be reviewed.* The general rule is, that a party seeking to reverse a former decree for error of law appearing on the face of the decree, must have performed the decree before filing a bill of review, as, if it be for land, the possession must be given up; if it be for money, the money must be paid; or if there are circumstances bringing him within exceptions to the general rule, he must show them to the court, and obtain an order relieving him from performance before filing the bill.

3. SAME—*effect of performance—whether a waiver.* The delivery of the possession of a house on leasehold premises, in obedience to a decree, will not operate as a release of errors, or deprive the party of the right to contest the validity of the decree by bill of review. The party so performing the decree does not waive his right of homestead.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. RUFUS KING, for the plaintiff in error:

Performance of the decree is not required when it will extinguish a party's right.   2 Daniell's Ch. Pl. and Pr. 1582; Cooper's Eq. Pl. 90;  Story's Eq. Pl. 406;  *Griggs* v. *Gear,* 3 Gilm. 2;  *McConnel* v. *Gibson,* 12 Ill. 130;  *Horner* v. *Zimmerman,* 45 id. 14;  *Forman* v. *Stickney,* 77 id. 575.

A bill of review is not required to contain a copy of the bill, answer, etc.   It is sufficient if it gives the substance of the same.   *Griggs* v. *Gear,* 3 Gilm. 11;  *Turner* v. *Berry,* id. 543; *Gardner* v. *Emerson,* 40 Ill. 299;  *Judson* v. *Stephens,* 75 id. 259.

Mr. S. WHIPPLE GEHR, for the defendant in error:

Before filing a bill of review for error of law, the party who seeks to reverse the former decree must have performed it, or, if there are circumstances bringing him within the exceptions to the rule, he must show them to the court, and be relieved from performance before filing the bill.   *Griggs* v. *Gear,* 3 Gilm. 2;  *Judson* v. *Stephens,* 75 Ill. 255;  *Forman* v. *Stickney,* 77 id. 575;  2 Johns. Ch. 488;  2 Barb. Ch. Pr. 425;  Story's Eq. Pl. sec. 406.

A surrender of the property in obedience to the decree would not have waived the right of homestead, if any existed. *Hatch* v. *Jacobson,* 94 Ill. 584;  *Richeson* v. *Ryan,* 14 id. 74; *Page* v. *People,* 99 id. 418;  *Griggs* v. *Gear,* 3 Gilm. 2.

The bill should have set out complete copies of the bill, answer and decree.   *Judson* v. *Stephens,* 75 Ill. 259;  *Turner* v. *Berry,* 3 Gilm. 543;  *Gardner* v. *Emerson,* 40 Ill. 296;  *Aholtz* v. *Durfee,* 122 id. 286.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill of review, brought by Kate T. Kuttner, to review and reverse a decree rendered in the Superior Court of Cook county, in favor of Charles H. Haines, against her, on the 6th day of July, 1888.

Kate T. Kuttner, prior to the rendition of the decree sought to be reviewed, was the lessee of Haines of three lots in Chicago, under two ground leases. Lots 25 and 26, upon which the lessee had erected a two-story frame dwelling, were embraced in one lease, and lot 44, upon which the lessee had erected a one-story brick store, was embraced in the other lease. In the month of March, 1888, Haines filed a bill in equity in the Superior Court, to enforce against the buildings on the leased premises the liens created by the terms of the leases, for unpaid rent and taxes. The bill charged two years' default in the payment of rent under the leases, and non-payment of taxes for the same time; that the lessee had forfeited the leases, and that the lessor had declared each of the leases determined and forfeited, and served a written notice of forfeiture on the lessee. The bill prayed that the complainant be decreed to have a lien on the buildings on the lots, that an account be had, and that the buildings should be sold to pay the rents and taxes due the complainant. An answer was put in to the bill, to which a replication was filed. The cause was referred to the master, to ascertain the amount due the complainant, and upon the filing of the report a decree was rendered requiring the payment of the amount due within two days, and on default of payment the master in chancery was directed to sell the property at public auction, at the door of the court house in Chicago, upon giving ten days' notice, by publication in a newspaper published in the city.

The complainant in the bill of review relied upon three grounds to impeach the decree: First, because the decree directed a sale of the property without protecting her homestead rights; second, the decree was erroneous in allowing only two days for the payment of the amount found to be due; and third, the decree of sale was erroneous in directing the sale of the property at the court house, when it was situated two miles distant from the place of sale. The defendant, Charles

H. Haines, appeared and filed a motion, in writing, to dismiss the bill of review, on two grounds: First, because complainant failed to show in her bill a compliance with the decree; and second, because the bill failed to set out a complete copy of the record sought to be reviewed.

The decree attempted to be reviewed required the possession of the buildings on the leased premises to be surrendered to the purchaser at the master's sale. The complainant was in the possession of the property when the decree was rendered and the sale made, but she did not surrender the possession of the property to the purchaser in obedience to the decree, and the first question to be considered is, whether the complainant can maintain a bill of review without performing the decree, or without obtaining an order of court dispensing with performance, before the filing of the bill.

The general rule is, that a party seeking to reverse a former decree for error of law appearing on the face of the decree, must have performed the decree before filing a bill, or if there are circumstances bringing him within exceptions to the general rule, he must show them to the court, and obtain an order relieving him from performance before filing the bill. Story, in his work on Equity Pleadings, (sec. 406,) says: "But by another of the instances above mentioned, the decree must be first obeyed and performed before a bill of review can be brought; as, if it be for land, the possession must be given up; if it be for money, the money must be paid; and so on in other cases."

In *Griggs* v. *Gear*, 3 Gilm. 2, this court held, that before filing a bill of review it was necessary that the party should pay the costs of the first case and perform the decree. It is there said: "It has been already stated, that before filing a bill of review the party who seeks to reverse the former decree must have performed it; as, if it be for a delivery of the possession of the land, he must have done so; or for the pay-

ment of money, he must have paid it. If, however, by com-
plying with the decree he would extinguish a right, as, the
execution of an acquittance, or the like, or if the party shows
himself absolutely unable to comply with the decree, as, for
instance, where he is required to pay a sum of money, and he
is insolvent, he may show the facts to the court, and get re-
lieved from the performance before he filed the bill. In this
case it does not appear that the parties have performed the
decree, nor was previous leave given to file this bill without
performance, although the complainants aver in this bill their
inability to perform it." The same general rule was announced
in *Judson* v. *Stephens,* 75 Ill. 255.

It is, however, claimed, as an excuse for failing to perform
the decree, that a surrender of possession would be a waiver
of her homestead rights in the property. We do not regard
the position tenable. This court has expressly held that pay-
ment of a judgment before execution issued, did not operate
as a release of errors. (*Page* v. *People,* 99 Ill. 425.) Upon
the same principle, a surrender of the possession of the prop-
erty in obedience to the decree would not deprive the com-
plainant of the right to contest the validity of the judgment
by suing out a writ of error or bill of review.

The bill of review set out a copy of the decree, but it con-
tained no copy of the bill, amended bill or answer. As to
these documents, which were an essential part of the record
to be reviewed, we find a mere statement in the bill of what
the pleader regarded the substance of the bill, answer and
amended bill. In Story's Equity Pleadings, (sec. 420,) in
speaking in reference to the frame of a bill of review, the au-
thor says: "In a bill of this nature it is necessary to state
the former bill, and the proceedings thereon; the decree, and
the point in which the party exhibiting the bill of review con-
ceives himself injured by it." If it is necessary to state the
former bill, as declared by Story, a statement by the pleader

of what he may regard the substance of the former bill does not answer the requirements of the law.

The question is not, however, a new one in this court. As early as *Turner y. Berry,* 3 Gilm. 544, the quotation *supra,* from Story, was cited with approval, and it was said: "From the very nature of the proceeding it is manifestly necessary to state all of the proceedings in the original cause, except the evidence on which the court found the facts on which it proceeded to render a decree." What was said in the case cited was approved in *Gardner* v. *Emerson,* 40 Ill. 297. In *Judson* v. *Stephens,* 75 Ill. 255, the question arose in regard to the sufficiency of a bill of review, and it was held, following previous cases, that a bill which fails to set out a copy of the bill, answer and decree to be reviewed, is defective. Again, in *Goodrich* v. *Thompson,* 88 Ill. 207, it was held indispensably necessary to a bill of review, that the former bill and the proceedings thereunder, and the decree, be fully set out or stated. A synopsis thereof is not sufficient. The same rule was again declared in *Aholtz* v. *Durfee,* 122 Ill. 286.

So far, therefore, as this State is concerned, the doctrine may be regarded as well settled, that a bill of review is not sufficient which only sets out a synopsis of the former bill or answer, but the pleader must set out the bill, answer, replication and decree. This constitutes the record for the inspection of the court.

We think the judgment of the circuit court holding that the bill was insufficient was correct, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*