Automatic Screw Machine Products Company and Jensen, Nehls & Company, Appellees, v. Benedict Manufacturing Company et al., Appellees. John P. Novak, Appellant.

Gen. No. 32,288.

566

Opinion filed
May 2, 1928.   Rehearing denied May 17, 1928.

ARTHUR H. JONES, for appellant.

NICHOLSON, CRANDALL & SNYDER, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

From the facts in this case it appears that the Automatic Screw Machine Products Company, a corporation, and the Jensen, Nehls & Company, a corporation, filed their certain bill as complainants against the Benedict Manufacturing Company, charging that one John Benedict, president and manager of the said defendant company, had absconded, and that there was danger of the assets of the corporation being lost unless a receiver was appointed for the benefit of creditors, and praying that a receiver be appointed to pro-

tect and take care of the assets of the corporation. The Benedict Manufacturing Company, defendant in that action, appeared and consented to the appointment of a receiver, and thereupon the Union Bank of Chicago was appointed as receiver under an order of court. Some time later an amendment to the bill of complaint was filed, making J. Henry Mueller and John P. Novak parties defendant, and summons was issued directed to the sheriff of Cook county commanding that he summon said defendants to appear before the court the first day of the February term of 1926. The said additional defendants were duly served but defaulted and thereupon the amended bill was taken as confessed against them and an amended decree, based upon the bill as amended, was entered by the court. The amendment to the original bill, making Novak and Mueller parties defendant to the original bill, was predicated upon their liability as stockholders, by reason of the fact that the corporation and its assets were unable to satisfy the claims of creditors. The amended decree entered in said cause found that Novak, by reason of his stock liability, was indebted to the corporation for the benefit of its creditors in the sum of $9,800, and the decree provided that this amount should be paid by the said Novak to the receiver, the Union Bank of Chicago, and the clerk of the court was directed to issue execution against Novak for said amount.

The petitioner in this proceeding, John P. Novak, charges in his petition that he did not have notice of the final decree and the order upon him to pay said amount, until he had been served with execution as provided in said decree. By his petition in said cause he asks that the court review said decree and correct it, on the ground that he is unable to pay said amount, and also for irregularities in the original proceeding. The trial court considered said petition and heard evidence in regard thereto, and after a full consideration

of the matter, denied the prayer of the petition asking for leave to file a bill of review in said cause. It is urged on behalf of the petitioner that there were no averments in the original bill on which the amended bill was based. We are not in accord with this contention. The original bill appears to have been one asking that the affairs of the corporation be wound up and that a receiver be appointed and the property of the corporation conserved for the benefit of creditors. The amended bill appears to have been one to enforce the stockholders' liability and was germane to the original bill and appears to have been filed after it became apparent that the corporation did not have sufficient assets to satisfy the claims.

It is urged on behalf of the petitioner that the Union Bank of Chicago is a new party to the suit and that the court had no legal right to make a judgment run in favor of said Union Bank of Chicago. We can find no force in this contention. The Union Bank of Chicago was acting for and on behalf of the court for the purpose of marshalling and protecting the assets of the corporation for the benefit of the creditors, and in that connection was acting as an arm of the court, and the power to collect placed in said receiver was for the purpose of expediting the collection of assets and conserving the property for the benefit of creditors. It was a usual and customary way for a chancery court to carry out the purposes of the decree and to do equity. Such a practice has been recognized by the Supreme Court of this State in the case of *Gillett v. Chicago Title & Trust Co.,* 230 Ill. 373. There appears to be no other practical way by which the court could operate under the same or similar circumstances. The corporation itself could not collect, as it was defunct and had no operating management.

It is further urged by petitioner that the court had no authority to provide for the fees of counsel in its decree, but that such fees should be entered as costs.

If such is the law, the petitioner as a party defendant to the amended bill had full opportunity to question the power of the court at the time the decree was entered if he had seen fit to enter his appearance and participate in the proceedings and we do not believe the decree could be attacked on that ground by a bill of review, after petitioner had been given full opportunity to be heard.

There appears to be but one vital question, so far as we can see, in the case, namely, that the petitioner comes under the exception that not being able to pay the amount provided in the decree, he, therefore, is entitled to have the decree reviewed, in order that he may be equitably relieved of a burden which he is unable to assume. It is a generally recognized rule that a bill of review cannot be maintained to amend, reverse or set aside a decree unless the complainant has performed the decree or obtained an order dispensing with performance, before the filing of said bill. The exception to this rule is when it is apparent that the decree has extinguished a right, or the party shows himself absolutely unable to comply with the decree. *Kuttner v. Haines,* 135 Ill. 382; *Ricker v. Powell,* 100 U. S. 104. In the *Ricker* case, *supra,* the court said in its opinion:

"The rule is well settled, subject, however, to some exceptions, that 'Before a bill of review  *  *  *  can be filed the decree must be first obeyed and performed.  *  *  *  Thus, if money is directed to be paid it ought to be paid before the bill of review is filed; though it may afterwards be ordered to be refunded.' 2 Dan. Ch. Pr. 4th ed., 1582; Story, Eq. Pl., sec. 406. *Chancellor* Kent thus states the rule and the reason of it in *Wiser v. Blachly,* 2 Johns. Ch. 488: 'In the first place, the party asking for a bill of review must generally show that he has performed the decree; especially if it be  *  *  *  a decree for the payment of money, and he must likewise pay the costs, and nothing will

excuse the party from this duty but evidence of his inability to perform it. *Williams v. Mellish,* 1 Vern., 117; *Fitton v. Macclesfield,* 1 Vern., 264; Cooper, Eq. Pl., 90; *note* to *Bish. of Durham v. Liddell,* 2 Bro. (P. C.), 63. This appears to be a settled rule, laid down both in the ancient and modern books; but the petitioners have paid no attention to this rule, for there is no offer to perform any part of the decree or even to bring the money into court, or any pretext of poverty, want of assets, or other inability to do it. There is wisdom in the establishment of such a provision, and it ought to be duly enforced. Its object is to prevent abuse in the administration of justice, by filing of bills of review for delay and vexation, or otherwise protracting the litigation, to the discouragement and distress of the adverse party.' ''

Petitioner herein states that he is unable to satisfy the decree against him, and therefore asks that he be allowed to file his bill of review in said cause. As we have stated, in our opinion, it appears from the record that he was summoned to appear at the time the amendment to the bill was filed, and it further appears from the record that he himself filed a claim in said cause against the corporation. Moreover, it appears from the briefs filed in this cause that his deposition was taken and that it was from facts brought out upon his deposition that the bill was amended so as to create a stockholder's liability. It is urged that this fact is not before this court, and we do not consider it except that it indicates that the trial court, in denying the petitioner leave to file his bill of review, had such and similar facts before it at that time, and had a right to consider them in view of the fact that a court always takes cognizance of its own records and proceedings. The only consideration, therefore, that could be given it in this court would be that it was one of the numerous things that might enter into the ruling of the trial court when called upon to use its discretion

as to whether or not the petition should be allowed. The principal and controlling fact, however, in the cause, appears to be that the petitioner has not offered to perform, either in full or in part. He was examined as a witness before the trial court, and from his testimony it appears that he owned a one-half interest in a piece of real estate located in the city of Chicago. From his testimony and that of other witnesses, it appears that the value of this property was somewhere in the neighborhood of $11,000, with an incumbrance thereon of $5,300. We do not find in the petition nor in the record any offer to perform any part of the decree, and we are of the opinion that a party seeking to file a bill of review, in order to relieve himself of the obligation of satisfying the judgment or decree, must first tender performance or satisfaction of the decree or judgment, and if unable to tender performance or satisfy the decree or judgment in full, then he should tender such amount in satisfaction of the decree as he is capable of doing, before a court of equity will open a decree for the purpose of allowing a bill of review to be filed. There being no tender on the part of petitioner, of any part of the amount of the decree to be paid, we are of the opinion that the learned chancellor did not abuse his discretion in refusing the prayer of the petition.

For the reasons stated in this opinion, the order of the circuit court will be confirmed and approved.

*Order denying leave to file bill of review*
*confirmed and approved.*