H. D. FILMORE, ADMR. ET AL. *v.* WILLIAM R. MORGAN'S ESTATE.

Special Term at Rutland, November, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and
FISH, SUP. J.

Opinion filed January 7, 1920.

*Judgment—Decree Not Binding on Person Not a Party—Court
of Equity Will Not Set Aside a Judgment for Intrinsic
Fraud—Requisites of Bill of Review.*

1.  A decree obtained by a grantor against an heir of the grantee set-
ting aside a deed is binding only on the parties and their
privies; and parties claiming under another heir of the grantee
are not harmed thereby.

2.  The rule that a court of equity will set aside a judgment or decree
of a court of competent jurisdiction only for fraud which is
extrinsic or collateral to the matter on which the judgment or
decree was rendered, applies to strangers as well as to the
parties to the action.

3.  A petition in the nature of a bill of review is controlled by the
principles governing such actions.

4.  A bill of review must set forth all the proceedings in the original
cause except the evidence; it can be brought only with the
permission of the court which rendered the final decree;
and it can only be filed by a person who was a party or privy
to the former suit.

APPEAL IN CHANCERY.    Bill in the nature of a bill of review
to set aside the decree in the case of *William R. Morgan* v. *Mer-
ritt B. Morgan*, 82 Vt. 243.   Heard on the defendant's demurrer
to the bill at the June Term, 1917, Bennington County, *Slack*,
Chancellor.   Decree sustaining the demurrer and dismissing the
bill.   The plaintiffs appealed.   The opinion states the case.

NOTE.—When this case was originally argued it was assigned to
Mr. Justice Haselton.   Upon his retirement from the bench, the case,
being ordered for reargument, was assigned to Superior Judge Fish.

*W. B. Sheldon* and *Henry Chase* for the plaintiffs.

*Batchelder & Bates* and *Holden & Healy* for the defendant.

·FISH, Superior Judge.   This is a bill to have brought forward on the docket a suit in equity heard at the June Term, 1908, Bennington County, and affirmed by this Court at the May Term, 1909, and in which the final mandate was entered at ·the December Term, 1909, of said county.   The sole parties in the original case were William R. Morgan and Merritt B. Morgan. See *Morgan* v. *Morgan*, 82 Vt. 243, 73 Atl. 24, 137 A. S. R. 1006.   William R. Morgan died before the bringing of this suit. Merritt B. Morgan is still alive.   The plaintiffs ask to have this case reopened so that they may enter to answer the bill, have the files and records inspected, the case retried, the findings of fact and decree reversed, and the bill dismissed.   The original action was brought to have declared null and void, for want of delivery, a deed of real estate given by said William R. Morgan to Harriet E. Morgan, a sister of said William, who is now deceased.   The plaintiffs in this case are the administrator of Margaret M. Olds, another sister of said William, and her daughters.   The defendant is William's widow and administratrix.

At the time of the bringing of the original suit, the plaintiff therein had procured from all persons who would have been his heirs at law, except said Merritt, a reconveyance of the premises described in the deed to Harriet.   Merritt refused to deed to William, and the original case resulted in a decree in favor of William in which Merritt was restrained from making any claim to the property in question.   From the enrollment of said decree the said William claimed ·full title to said property and appropriated the income and avails thereof to his own use, and since his death the defendant has done likewise.

Margaret M. Olds had no notice of the bringing of the original bill nor of the proceedings and decree therein.   In his answer Merritt denied that˙ she had given ,a sufficient deed to William for the alleged reason that she was *non compos* at the time of its execution, but this question was not litigated.   In the present case it is charged that William, by means of false and fraudulent tokens and representations and by undue influence and without consideration,. obtained the deed from Margaret; that the deed had but˙one witness, but was offered for record and

caused to be recorded and the clerk's certificate attached; that William afterwards procured another person to sign the deed as a witness and thereby falsified the clerk's certificate indorsed thereon; that he also caused the signature of the last witness to be added to the record of the deed in the office of the clerk and falsified the clerk's certificate appended thereto; that the deed was never delivered after the second witness signed it; that said William fraudulently and deceitfully caused said instrument to be offered and received in evidence and induced the chancellor to make the findings of fact that none of the heirs of said William, except the said Merritt, claimed any of the property in question and that all except said Merritt had executed deeds to the said William releasing all claims to him; and that by the same fraudulent means said William induced the chancellor to make the decree; that the only proof of the delivery of said instrument whereby it gained admission as evidence was the vitiated and false certificate of its record indorsed thereon; and that it constitutes a cloud upon the plaintiffs' title.

The decree recited that the deed was void and a cloud on the title, which should be removed, and that when spread on the records in the clerk's office in the town of Bennington said cloud should be as effectually canceled as if the conveyance of the property therein described ''had been made by the original grantee, the said Harriet E. Morgan, to the orator and the same duly recorded.'' Margaret would have inherited one-sixth of the estate conveyed to Harriet had the title been in the latter at the time of her death, and this title the plaintiffs ask to have established in them by bringing forward the old case so that they may be heard therein.

[1]    There are several reasons for sustaining the demurrer. The decree in the original case does not have the force which the plaintiffs attach to it. The decree is binding only on the parties and their privies, and the plaintiffs are neither. Therefore they are not harmed by the broad terms of the decree and cannot be heard to complain on this account. The decree enjoins no one but Merritt B. Morgan and it is not a cloud on the legal title of the plaintiffs.

[2]    The fraud in the original suit, about which the plaintiffs complain, furnishes no ground for maintaining the present one. The fraud, if it existed, was intrinsic. The only fraudulent acts for which a court of equity will set aside a judgment or

decree, rendered by a court of competent jurisdiction, are those involving fraud extrinsic or collateral to the matter on which the judgment or decree was rendered; hence it will not set aside a judgment or decree because founded on a fraudulent instrument, or perjured testimony, or for any other matter that was actually presented or considered in the judgment assailed. This is the rule as between the parties. *French* v. *Raymond,* 82 Vt. 156, 72 Atl. 324, 137 A. S. R. 994. No good reason appears why the same rule should not govern in a case where strangers attack a judgment as in this case. To entertain such a case would be in disregard of the maxim that it is for the public good that litigation should end.

[3, 4]   The petition in the present case is in the nature of a bill of review, and the principles which govern in such actions apply here. One rule is that all the proceedings in the original cause except the evidence, must be stated. It is not sufficient to set out merely a synopsis of the former bill and answer, but the pleader must set out the bill, answer, replication, and decree. Story Eq. Pl. (10th ed.) § 420; *Turner* v. *Berry,* 3 Gilman (Ill.) 541; *Kuttner* v. *Haines,* 135 Ill. 382, 25 N. E. 752, 25 A. S. R. 370; *Thompson* v. *Maxwell,* 95 U. S. 391, 24 L. ed. 481. Another rule is that before a bill of review can be brought the permission of the court which issued the final decree must be obtained. Beech's Modern Equity Practice, Vol. 2, § 849; Daniell's Chancery Practice, Vol. 2 (6th Am. ed.), 1578. And, finally, a bill of review or a bill in the nature of a bill of review can only be filed by a person who was a party or privy to the former suit. Daniell's Chancery Practice, *supra,* 1579; *Thompson* v. *Maxwell, supra.* The bill fails in the foregoing respects and it cannot be sustained.

*Decree affirmed and cause remanded.*