STATE *v.* HARRY REYNOLDS.

January Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 13, 1922.

*Criminal Law—Exceptions Not Briefed—When Contents of Exhibits Read into Depositions for Consideration in Supreme Court—Petition for New Trial on Ground of Newly Discovered Evidence—Weight to Be Given Testimony of Mother and Grandmother as to Child's Age—Insufficiency of Newly Discovered Evidence.*

1. Exceptions taken on trial, not briefed, will not be considered.
2. When the contents of certain exhibits were, without objection, read into depositions, and no objection was made to the use of such parts of the depositions, and the case is before the Supreme Court on exceptions, and by petition for a new trial in opposition to which such depositions and exhibits were submitted, the contents of such exhibits are before it for consideration.
3. A petition for a new trial on the ground of newly discovered evidence must be dismissed, unless such evidence is sufficiently controlling or persuasive to make it probable that a new trial would produce a different result.
4. On the question of the prosecutrix's age in a prosecution for statutory rape, evidence of her mother is entitled to very great

weight, as is also the testimony of the child's grandmother who was present at prosecutrix's birth.

5. The evidence, on petition for a new trial in a statutory rape case on the ground of newly discovered evidence, reviewed, and *held* not to be such as would render a different result probable if new trial was granted.

INFORMATION for statutory rape. Plea, not guilty. Trial by jury, June Term, 1921, Bennington County, *Moulton,* J., presiding. The respondent excepted. After the case was entered in Supreme Court, upon request of respondent, and leave therefor being granted, he filed petition for a new trial on the ground of newly discovered evidence. Heard in Supreme Court on this petition and the evidence submitted in support and opposition. *Petition dismissed. Exceptions overruled.*

*Reuben Levin* and *C. V. Poulin* for respondent.

*G. A. Mathers,* State's Attorney, for the State.

SLACK, J.   The respondent was convicted of statutory rape and brings the case here on exceptions. After the case was entered in this Court, he had leave to, and did, file a petition for a new trial on the ground of newly discovered evidence. This evidence relates solely to the age of the prosecutrix, Florence Gilbar, on October 24, 1920, the date of the alleged crime. The evidence relied on to support the petition is to be found in the affidavits of Ida Gilbar and Mary Gilbar, attached to the petition, and that submitted in opposition to the petition appears in the depositions of Collins M. Graves and George A. Mathers, and certain exhibits.

[1, 2]   The exhibits, which are a copy of the record of the birth of Florence, a copy of the record of the birth of a younger sister, Elizabeth, a copy of the record of a deed of land in Sunderland from Mary Gilbar to Levi Gilbar and a letter from Benj. J. Hill, town clerk of Sunderland, to Geo. A. Mathers, were received subject to petitioner's exceptions, but these exceptions are not briefed and, therefore, are not considered. *Williams Mfg. Co.* v. *Insurance Co. of North America,* 93 Vt. 161, 106 Atl. 657; *Powers* v. *Trustees of Caledonia County Grammar School,* 93 Vt. 220, 106 Atl. 836; *Hobbs & Son* v. *Grand Trunk Ry. Co.,* 93 Vt. 392,

108 Atl. 199; *Mason* v. *Sault,* 93 Vt. 412, 108 Atl. 267; *Essex Storage Electric Co.* v. *Victory Lumber Co.,* 93 Vt. 437, 108 Atl. 426; *In re Chisholm's Will,* 93 Vt. 453, 108 Atl. 393; *Lamoille County Savings Bank & Trust Co.* v. *Hanson,* 93 Vt. 486, 108 Atl. 393; and many earlier cases. Besides, the contents of these exhibits, except the copy of the record of the deed, were read into the depositions, without objection, before the exhibits were offered in evidence, and no objection is here made to the use of those parts of the depositions. In the circumstances, the contents of the exhibits are, unquestionably, before us for consideration.

[3] The determinative question, then, is whether the newly discovered evidence is sufficiently controlling or persuasive to make it probable that a new trial would produce a different result. If it is not, the petition must be dismissed. *Gilfillan* v. *Gilfillan's Estate,* 90 Vt. 94, 96 Atl. 704; *Usher* v. *Allen,* 89 Vt. 545, 95 Atl. 809.

[4, 5] Ida Gilbar, one of the affiants, is the mother of Florence. She was called by the State on the trial below and testified that Florence was born at Sunderland, August 12, 1905; that her husband, Levi Gilbar, made out a birth certificate at the time but she did not know whether he filed it with the town clerk; that three or four months after the birth of this child witness had an attack of gall-stones and was attended by Dr. Kelly of Manchester. Dr. Kelly was called by the State on that trial and testified that he located in Manchester in January, 1905, and that sometime during the following year (he was then unable to fix the date) he treated Ida Gilbar for gall-stones. A Mrs. Peterson, called by the respondent on that trial, testified, in substance, that she had a conversation with Florence early in the summer of 1920 in which Florence told her that she would be sixteen years old the following August. Carrie Gilbar, a daughter-in-law of Ida, was called by respondent on that trial, and testified that Ida told her soon after May 29, 1920, that Florence would be sixteen years old the "coming August." This was denied by Ida. This comprises all the evidence introduced at that trial on this branch of the case,—a copy of the record of the birth of Florence, offered by the State, being excluded.

In her affidavit attached to the petition for a new trial, Ida states that when she testified that Florence was born August 12, 1905, she was "somewhat mixed or confused" and made a mistake, as she has since learned by consulting the records of the

births of her other children, which serve to fix her recollection; that in fact Florence was born August 12, 1904, and not August 12, 1905; that she is certain about this from the fact that her daughter Margaret, who is about eighteen months older than Florence, was born March 26, 1903, and her daughter Elizabeth, who is about thirteen months younger than Florence was born September 10, 1905. Mary Gilbar, the other affiant, is the mother of Levi Gilbar, Ida's husband. She is sixty-nine years old. She testified that she practiced midwifery until the spring of 1921; that she was present when each of Ida's children except Clifton, the youngest, was born; that Florence was born August 12, 1904; that she attended Ida during an illness, the nature of which does not appear, in the summer of 1905, when Florence was about a year old; and that Florence was born in a house in Sunderland which the affiant and her husband deeded to Levi.

Evidence on this subject-matter, coming from these witnesses, should be entitled to very great weight, because the mother above all other persons may usually be relied upon for accurate information concerning the age of her children, and next to her, perhaps, in this respect, stands the grandmother, especially when, as appears in this case, she was present at the child's birth. But in the instant case the petitionee's evidence shows conclusively that the affiants are, to say the least, ''somewhat mixed and confused'' in their latest statements.

From the evidence of Graves and Mathers, taken together, it appears that the records of Sunderland not only show that Florence was born August 12, 1905, and that the certificate of her birth was made by her father, Levi Gilbar, as testified to by Ida on the trial below, but they show, too, that the daughter Elizabeth, who Ida states in her affidavit is thirteen months younger than Florence, was born September 10, 1906, and that the deed of the place in Sunderland referred to by Mary in her affidavit, and which Graves testified both Mary and Ida told him was executed a short time before Florence was born, was given in March, 1905.

This evidence is so convincing that Florence was born August 12, 1905, and was, therefore, less than sixteen years old at the time of the alleged crime, as to render it highly improbable that the newly discovered evidence would produce a different result if a new trial was granted.

*Petition dismissed.*

The respondent took some exceptions during the trial of the case below, but having failed to brief them they are treated as waived.  See cases cited above.

*Judgment that there is no error in the proceedings and that the respondent takes nothing by his exceptions.  Let execution be done.*