O. R. LOWELL *v.* E. A. WOOD.

October Term, 1922.

Present:  WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 20, 1922.

*Pleading—Effect of Amending Writ to Conform to Plaintiff's Testimony—Application of Statute Relating to Partnership Registration—Directed Verdict Against Plaintiff Not Complying with Law Relating to Registration—Effect of Amendment Relating to Parties Plaintiff—Exceptions Not Briefed.*

1. Where plaintiff elected to amend the writ to conform to his testimony, he is bound thereby.

2. The requirements of G. L. Chap. 240, sections 5739 and 5741 of which require registration and payment of a fee for any copartnership doing business under any name which does not contain the surname of all the copartners, *held*, to apply to a real estate agency consisting of the plaintiff and two other members doing business under the name of Lowell Real Estate Agency.

3. In a suit by such copartnership to recover commission on the sale of certain property effected through the efforts of some of the partners, where the evidence showed a failure to comply with such statutory provisions prior to the issuance of the original writ or complaint therein, a verdict was properly directed for the defendant under G. L. 5751.

4. A plaintiff who, in the case of a non-joinder of parties having a legal interest in the subject-matter of the suit, invokes the aid

of the court and accepts an amendment suggested by the court to correct the fault, is in the same position as he would have been with the writ originally brought as amended.

5.  Exceptions not briefed will not be considered.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the March Term, 1922, Chittenden County, *Julius A. Willcox,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Max L. Powell* for the plaintiff.

*Warren R. Austin* for the defendant.

TAYLOR, J. The action is contract for the recovery of a commission on the sale of a farm. The trial was by jury. The suit was commenced by the plaintiff personally. Prior to October 1, 1921, the plaintiff was engaged alone in the business of selling real estate on commission in the city of Burlington. N. C. Florence and a son, W. N. Florence, were doing a like business in Burlington as N. C. Florence & Son. About October 1 a partnership was formed consisting of the three persons, the profits and losses to be shared one-half by the plaintiff and half by the Florences. It was agreed that property listed for sale with each before the partnership was formed should be handled as partnership business. The defendant had previously agreed with N. C. Florence & Son for a commission of five per cent., if they made a sale of the farm. He was aware that a partnership arrangement had been entered into and thereafter conferred with the plaintiff as well as with the Florences with reference to possible sales. The partners disagreed as to the name under which the business of the partnership should be conducted. The plaintiff, in the firm advertising, used the name under which he had done business alone, while the other partners used the name "Lowell and Florence." The defendant's farm was advertised under this name. As a result of disagreement, in part respecting the firm name, the partnership was dissolved November 1. The Florences continued in the real estate business in the office occupied by the partnership and the plaintiff continued in the

same business elsewhere in Burlington. While the partnership was in force the plaintiff and one of his partners showed the defendant's farm to one Gabree, a prospective purchaser. The defendant was absent when Gabree was being shown the premises, but there was evidence tending to show that he soon learned of the fact through his wife who was present. The defendant negotiated a sale of the farm to Gabree without knowledge of the plaintiff and his partners which was effected early in November, after the partnership was dissolved. On learning from the defendant that he had sold the farm to Gabree, the plaintiff made claim for the commission on the theory that Gabree was his customer. The defendant insisted that no commission had been earned and refused payment with the result that this suit was brought.

The plaintiff having admitted the partnership arrangement and that the Florences were jointly interested in the commission in question, his counsel asked to amend by setting up the plaintiff as "surviving partner of the firm of O. R. Lowell Real Estate Agency." Objection being interposed, the court denied this motion, to which the plaintiff excepted. Thereupon, the court permitted an amendment by adding as plaintiffs the two Florences and setting up that the partners were doing business as the Lowell Real Estate Agency, to which plaintiff's counsel acceded. At the close of plaintiff's evidence the defendant moved for a directed verdict on the ground that the statute prohibited the suit as it stood with the writ amended. The court granted the motion to which the plaintiff was allowed an exception. The material facts were not in dispute.

The plaintiff had admitted that at no time during the partnership arrangement was it registered as such with the commissioner of taxes or the city clerk of the city of Burlington. The statute invoked in support of the motion is contained in Chapter 240 of the General Laws. It is therein provided that a copartnership subject to the provisions of the chapter shall not institute any proceeding in this State for the enforcement of any right or obligation unless it has, prior to the issuance of the original return or complaint therein, filed the returns and paid the registration fee therein required. G. L. 5751. No claim has been made of any shortage in the evidence to bring the case within

this prohibition if the partnership was subject to the provisions of the chapter.

[1-3]   It is now claimed that no partnership name had been agreed upon and that the transaction with the defendant was under the name of Lowell and Florence, which did not require registration.   But the trial court had to deal with the matter as left with the writ amended.   The plaintiff had testified that under the original partnership agreement the name of the firm was the Lowell Real Estate Agency.   He elected to amend the writ to conform with his testimony and is bound thereby.   The only question now open is whether the partnership as set up in the writ falls within the provisions of the statute requiring registration.   Every copartnership doing business in this State under any name which does not contain the surnames of all the copartners without any other description or designating words except the Christian names or initials of such copartners, is required to make and file certain returns and pay a registration fee.   G. L. 5739, 5741, 5746.   Obviously the plaintiff partnership comes within the definition of copartnerships that are subject to the provisions of the chapter.   It follows that the motion for a directed verdict was properly sustained.   *Wilson Bros. Garage* v. *Tudor*, 89 Vt. 522, 95 Atl. 794.

[4]   We have no occasion to consider the merit of the claim made that the cause of action did not accrue until after the partnership was dissolved and that the plaintiff would be entitled to recover in his own name for the benefit of those interested.   The plaintiff expressly denied that he was prosecuting the suit as assignee.   The evidence disclosed a non-joinder of parties having a legal interest in the subject-matter of the suit.   The fault, when pointed out, was corrected under the direction of the court.   G. L. 1798.   Having invoked the aid of the court and accepted the amendment suggested by it, the plaintiff is in no different position than he would have been with the writ originally brought as amended.   It is the case so made and not some other that the court was dealing with.

[5]   The plaintiff excepted to the judgment which was an unrestricted judgment for the defendant on the directed verdict. The exception is not briefed, so we have no occasion to consider whether in the circumstances the judgment should have been as on the merits.

The plaintiff briefs two exceptions on questions of evidence. Not only are the exceptions not referred to in the record, but if they were deemed properly here, they relate to matters wholly immaterial to the controlling question presented in the motion for a directed verdict, which renders their consideration unnecessary.

*Judgment affirmed.*