HAL L. MARCH *v.* H. O. BECKMAN ET UX.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 8, 1925.

*Appeal in Equity Waived by Failure to File Brief—One Not Party Cannot Show Error—Petition for Leave to Intervene as Party Plaintiff Held Addressed to Court's Discretion.*

1. An appellant in equity, who fails to file any brief, thereby waives his appeal.

2. Where bill was brought to restrain sale of property and to cancel certain deeds, and trustee in bankruptcy of defendant petitioned to intervene as a party plaintiff, and petition was denied and bill dismissed, the plaintiff having waived his appeal, such trustee on his attempted appeal was not entitled to be heard on question whether bill had been improperly dismissed, not being a party.

3. Where bill was brought to restrain sale of property and to cancel certain deeds, application of defendant's trustee in bankruptcy

to intervene as a party plaintiff was addressed to the trial court's discretion, and, being denied, his attempted appeal brings nothing to Supreme Court for review, not even giving it jurisdiction in his behalf to consider the case further than to determine questions of jurisdiction and to award costs.

APPEAL IN CHANCERY.   Heard on demurrers to bill, and petition of defendant's trustee in bankruptcy to intervene as party plaintiff, at the April Term, 1922, Windham County, *Willcox*, Chancellor.   Order sustaining demurrers, adjudging bill to be insufficient, and dismissing bill.   Petition to intervene denied. The plaintiff and petitioner. appealed.   The opinion states the case.   *Affirmed.*

*Barber, Barber & Miller* for plaintiff.

*O. B. Hughes* for petitioner.

*A. F. Schwenk* for defendants.

BUTLER, J.   It appears from the complaint that the plaintiff owned a bakery business situate in the Cutler Block in Brattleboro, and on September 11, 1915, he gave a mortgage upon all the personal property there located and used in the bakery business to the Brattleboro Trust Company.   June 28, 1918, he sold the bakery business and all the personal property to defendant, H. O. Beckman, and, as a part of the consideration, said H. O. Beckman assumed and agreed to pay the mortgage debt and gave to the Trust Company a written memorandum signed by him to that effect which the Trust Company accepted and approved.   Beckman carried on the business at a profit until March, 1922, and from time to time made payments on the mortgage debt.   He was then compelled to close the business by reason of the termination of his lease.   The personal property and bakery equipment were stored and became of little value.

In July, 1921, defendants purchased the dwelling house and premises in question known as the "Draper" place and took title in the name of H. O. Beckman and Jeanette Beckman, his wife.   It is alleged to have been purchased with means and funds derived from the bakery business.

Subsequently, on February 9, 1922, the "Draper" place was transferred by H. O. Beckman through a trustee to Jeanette Beckman, who now holds the legal title. It is also alleged in effect that this is the only property now owned by H. O. Beckman, that there is still a large amount unpaid on the mortgage debt, and that these transfers were made with the fraudulent purpose and intent of avoiding further payments on said debt, and that it is the intent of defendants to sell the dwelling house property and remove from the State and so compel the plaintiff to pay the large balance still due the Trust Company thereon to his great loss and irreparable injury.

The bill prays for an injunction restraining the sale; that the deeds made with fraudulent intent of placing the property beyond the reach of the plaintiff and the other creditors of H. O. Beckman be cancelled, and for other relief.

The original bill was brought March 11, 1922. This was demurred to July 27, 1922, and an amended bill was filed. This was demurred to October 2, 1922, and thereupon the amended bill now before us was filed. This also was demurred to October 11, 1922. October 21, 1922, H. O. Beckman was adjudged a bankrupt by the United States District Court, and November 4, 1922, one Fred Cressey was appointed trustee of his property and estate. It was not until June 9, 1923, that he filed a petition to intervene as a party plaintiff to prosecute said suit to a final judgment for the benefit of creditors of H. O. Beckman.

Upon hearing, November 2, 1923, the petition of the trustee in bankruptcy to intervene as a party plaintiff was denied, the demurrers of defendants H. O. Beckman and Jeanette Beckman to the bill of complaint as amended were severally sustained, the bill adjudged insufficient as to each and dismissed. From the decrees, both the plaintiff March and the trustee appealed.

While the plaintiff and the trustee joined in the appeal, the one being from the decree dismissing the bill and the other from the decree denying the application to intervene, they must be treated as in effect, several.

[1-3]   The plaintiff, March, does not press his appeal but waives it by not filing a brief. *Lowell* v. *Wood,* 96 Vt. 218, 118 Atl. 887; *State* v. *Reynolds,* 96 Vt. 37, 116 Atl. 116. Unless the trustee may be heard the decree must be affirmed. The trustee undertook to show that the bill was improperly dismissed on defendant's demurrer, but he was not entitled to be heard

on this question as he was not a party. G. L. 1561. His applica-tion to intervene as a party plaintiff was addressed to the dis-cretion of the court and denied. Consequently his attempted appeal brings nothing here. It does not even give this Court jurisdiction in his behalf to consider the case further than to determine the questions of jurisdiction and to award costs.

*Decree affirmed with costs as against trustee. Cause re-manded.*