In Re Estate of Margaret E. Callahan.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 2, 1945.

*Lindley S. Squires* for the intervenor.

*Lawrence & O'Brien* for the executor.

*Asa S. Bloomer* for Daniel J. Callahan et al.

MOULTON, C. J.   Margaret E. Callahan, a widow, died testate in January, 1937, and left surviving her five children, Margaret, Daniel, Francis, Anna and Thomas.   When her executor filed his final account in the Probate Court, he listed as an asset of the estate a claim against Francis for board, room and washing furnished to him by his mother and her estate from June 6, 1934, to May 1, 1937, amounting to $2011.32.   The Probate Court disallowed this item, and also another concerning a credit of $250. for loss on certain furniture inventoried at $300. which had been divided among the heirs with the consent of the executor.   The executor appealed to the County Court, and a hearing was had at the March Term, 1944, at which only Margaret and Daniel entered appearances as appellees.   Findings of fact were filed and it was adjudged that Francis was indebted to the estate in the sum above mentioned, which debt was an asset of the estate, and should be allowed as such.   As to the furniture, the court found that the true value of it was $50. and that the credit of $250. should be allowed.

No exceptions were taken, either by the executor or by the heirs-appellees.

While the cause was pending in County Court, after the appeal from the Probate Court had been entered therein, Helen T. Fewkes applied for leave to intervene, alleging that she had been granted a divorce from Francis Callahan in 1935; that, on September 14, 1937, the County Court made an order against him for the support of his minor children, which was made a lien upon his interest in his mother's estate; that the order had not been complied with and the arrears amounted to about $1700.; that if the executor's account should be allowed nothing would be due her former husband; and that the interests of the parties to the appeal were hostile to her own. The application was denied upon the ground that, taking the allegations contained therein as true, she had no legal right to enter as a party.

██ The right to intervene in pending litigation is governed by statute in many jurisdictions. See cas. cit. annotation 23 LRANS 536. In the absence of legislative enactment in this State, the application is ordinarily regarded as addressed to the discretion of the court. *March* v. *Beckman,* 98 Vt 293, 296, 127 A 296. As in other matters of this kind the ruling thereon is not to be revised in the absence of proof that the Court's discretion has been abused or withheld. But there are cases where the would be intervenor has such a direct and immediate interest in the *res* which is the subject of the suit and where intervention is so necessary to the preservation of his rights that a denial of it is reviewable by the appellate court. *United States* v. *California Cooperative Canneries,* 279 US 553, 556, 49 S Ct 423, 424, 73 L Ed 838; *Vertner* v. *Vertner* 63 App DC 179, 70 F2d 783, 784; *United States* v. *Radice,* 40 F2d 445, 446; *Real Estate Land Title and Trust Co.* v. *West Chester St. Ry. Co.,* 299 Pa 76, 149 A 84. "Cases of this sort are those where there is a fund in court undergoing administration to which a third party asserts some right which will be lost in the event that he is not allowed to intervene before the fund is dissipated. In such cases an order denying leave to intervene is not discretionary. . . . " *Credits Commutation Co.* v. *United States,* 91 F 570, 571, 34 CCA 12, 13, quoted with approval in the opinion on appeal, 177 US 311, 316, 20 S Ct 636, 44 L ed 782, 785. *United States* v. *Radice, supra,* is illustrative of the principle here involved. It was a bill to forfeit a lease, on the ground that a

nuisance was being maintained upon the premises, and a corporate mortgagee of the leasehold was held entitled to intervene to protect its lien from possible destruction.

In the present case Mrs. Fewkes is not interested in Mrs. Callahan's estate as heir, legatee or creditor, but she has, according to the allegations of her application which the court accepted as being true, a direct and immediate interest in the distributive share of Francis Callahan by reason of her lien thereon. This lien would become worthless if the claim against him should be allowed as an asset of the estate. She is in a position analogous to that of a transferee of an interest in the estate, and so enjoys the same right that Francis had to object to the executor's account. *In Re Ross' Estate,* 179 Cal 358, 182 P 303, 304; *Jones* v. *Redman,* Mo App, 75 SW2d 80, 83; and see *In Re Petersons' Est.,* 12 Wash(2) 686, 123 P2d 733, 747. As we have seen Francis has not appeared in the proceedings. Although he has by way of deposition acknowledged that he was indebted in the sum of $2011.32, Mrs. Fewkes is not thereby precluded from showing that the fact is otherwise than as he has testified.

It is no bar to her right that she did not seek to be made a party until after an appeal had been taken to the County Court. That Court, sitting as a higher Court of Probate (See *In Re Delligan's Est.* 110 Vt 294, 305, 6 A 2d 1), was about to try the cause *de novo.* It is, indeed, appropriate that intervention should, in proper cases, be allowed in probate proceedings, for the right to intervene did not exist at common law, but had its origin in the civil law as administered in the Ecclesiastical Courts. *Banker's Mtg. Co.* v. *Sohland,* 3 W. W. Harr, Del 331, 138 A 361; *Potlatch Lumber Co.* v. *Runkel,* 16 Idaho 192, 101 P 396, 23 LRANS 536, 540, 18 Ann Cas 591; cas cit. annotation 16 Am Dec 177. Those tribunals, which had jurisdiction over the estates of deceased persons, were the forerunners of our Courts of Probate.

The applicant took exceptions to the findings of fact and to the judgment, but they are not available since she was not a party to the cause. *March* v. *Beckman,* 98 Vt 293, 296, 127 A 296. However, the error in the denial of intervention is fundamental and so infects the subsequent proceedings that the judgment cannot be allowed to stand.

*Judgment reversed and cause remanded.*