## Federal Land Bank of Springfield v. Florence Goyette et als

[189 A.2d 563]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 6, 1963

*Wayne C. Bosworth, pro se.*

*Gerald Trudeau* for the defendants.

**Smith, J.** On September 12, 1961 a decree of foreclosure was filed in the Court of Chancery of Addison County in favor of the Federal Land Bank of Springfield (Mass.) mortgagee, against Florence Goyette and Audice Goyette, mortgagors, of New Haven, Vt. The decree provided that unless the sum of $8,978.33, plus interest to the date of payment, was paid by the mortgagors to the mortgagee on or by September 12, 1962, the mortgagors would lose their right of redemption.

Also provided in the decree were later redemption dates to a second mortgage holder, and two attaching creditors, the last of said dates of redemption being September 22, 1962.

On August 30, 1962 Wayne C. Bosworth, an attorney of Middlebury, Vt., filed a motion with the Court of Chancery of Addison County alleging that he, Bosworth, had received a quit-claim deed from the mortgagors on November 13, 1961 transferring to him all their rights in the mortgaged property, including their equity of redemption.

The motion further alleged that the Federal Land Bank of Springfield, the mortgagee, had received a considerable sum of money on August 10, 1962 to apply on the mortgage indebtedness, but the amount of money so received, or the source from which it came were not set forth in the motion.

Also alleged was that the Federal Land Bank of Springfield had assigned all of its right, title and interest to said mortgage to some party unknown, but believed to be Cartmell's Sales and Service of Middlebury, Vt.

The relief sought under the motion was set forth in five paragraphs quoted below :

"1. That Wayne C. Bosworth be permitted to enter his appearance in said cause.

"2. That the decree entered on, to wit, Sept. 12, 1962, be brought forward and struck off.

"3. That an amended decree be entered to provide for redemption at a figure reflecting the reduction in the amount due, if any, and providing a reasonable date thereafter for the equity of redemption to expire.

"4. That in said decree the said Wayne. C. Bosworth be given the right to redeem.

"5. For such other and further relief in the premises as may be found proper."

Nothing appears on the record to disclose that notice of filing of the motion, or its pendency, was given to any of the parties to the decree sought to be brought forward and struck.

The entry on the motion by the chancellor states that it was heard on September 10, 1962 and "upon consideration of the files and

records in the case and representations of the Solicitor it is hereby ORDERED that said. Motion be and is hereby denied."

The case comes here on notice of appeal from the denial of the motion filed by "Wayne C. Bosworth, pro se" and filed September 20, 1962.

On December 31, 1962 a motion was filed in this Court by Florence Goyette and Audice Goyette, the mortgagors, requesting this Court to dismiss the above appeal on its own motion for that the appeal is improperly before us and that we are without jurisdiction of it.

The primary question with which we are confronted is whether Wayne C. Bosworth has any standing before this Court as an appellant hereto.

He is not a party of record to the foreclosure proceeding below by whom an appeal to this Court might be taken. The chancellor, by reason of the denial of the motion, which denial is the subject of the attempted appeal, also denied Bosworth the right to enter his appearance by reason of the motion, so that in effect he has no right to appear here unless the chancellor below erred in the denial of his motion.

The motion of Bosworth to the Addison County Court of Chancery, while requesting permission to enter his appearance in said cause, does not specify in what capacity he seeks the entry of the appearance; no more does his brief filed on the motion to dismiss. It would appear, however, from the allegations of fact in his motion, that such appearance must be sought as an intervenor in the case because of purported rights conveyed to him by the mortgagors.

■ "The right to intervene in pending litigation is governed by statute in many jurisdictions. In the absence of legislative enactment in this State, the application is ordinarily regarded as addressed to the discretion of the Court. As in other matters of this kind the ruling thereon is not to be revised in the absence of .proof that the Court's discretion has been abused or withheld." *In re Callahan's Estate*, 114 Vt. 252, 254, 44 A.2d 162; *March* v. *Beckman*, 98 Vt. 293, 296, 127 Atl. 296.

However, in our consideration of the motion to dismiss this appeal, it is not necessary for us to consider any question of the exercise of discretion on the part of the chancellor. This is because

of a non-compliance on the part of the attempted appellant with rules of the County Court and the Court of Chancery which required denial of the motion as was ordered by the chancellor and is fundamental to the determination of the question presented to us.

County Court Rule 5162 states:

> "All motions shall be in writing and shall be filed with the clerk. The court will not hear any motion grounded on facts, unless the facts are verified by affidavit or are apparent upon the record and the papers on file in the case, or are agreed and stated in writing, signed by the parties and their attorneys. This rule shall be applied to all facts relied on in opposing any motion."

This County Court rule is made applicable to proceedings in Chancery under the Rules of Practice in the Court of Chancery, Rule 56.

The facts set forth in the motion to the Court of Chancery below were not verified by affidavit nor was there any agreement in writing by the parties or their attorneys in the foreclosure action as to their accuracy.

In its entry on the motion, the chancellor stated that the files and records in the case had been considered by him in denying the motion. Our own search of the record below disclosed nothing in the files and records of the case at the time of hearing on the motion to make apparent the facts alleged by Bosworth in his motion. It follows, therefore, that there was no error in the denying of the motion by the chancellor, and that Wayne C. Bosworth has no standing as an appellant before this Court on the attempted appeal. *The entry must be: Appeal dismissed.*