# Hector Isabelle Builder, Inc.
## v.
## James C. and Rosemarie B. Welch

[ 214 A.2d 63 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed June 1, 1965

Recalled and Refiled October 20, 1965

*Leinwohl and Fitzpatrick* for plaintiff.

*John E. Bernasconi* for defendants.

**Keyser, J.** The defendants have appealed by permission of the court before final order from the ruling of the chancellor over-ruling defendants' motion to dismiss plaintiff's motion to set aside a stipulation of the attorneys providing for settlement and the entry of "Judgment Satisfied" based thereon.

The plaintiff brought proceedings against the defendants on August 5, 1961 to foreclose its real estate mortgage. Decree for the payment of $10,578.58 was entered August 13, 1963 with redemption period of one year. On May 5, 1962, Allen Lumber Company brought suit for $3,000.00 against the plaintiff with defendants named as trustees. The defendants also brought a suit against the plaintiff on August 27, 1963 for $15,000.00.

On March 2, 1964 the parties in this action by their then respective attorneys entered into and filed with the clerk of the court, a written stipulation which provided for the disposition of this foreclosure action, and the law action brought against the plaintiff. On May 13, 1964 this case was entered "Judgment Satisfied".

On July 7, 1964 the plaintiff, by newly appointed counsel, filed in this case its motion to set aside (1) the stipulation (copy of which was attached) and (2) the entry of "Judgment Satisfied." The defendants responded on July 13, 1964 by filing their motion to dismiss plaintiff's aforesaid motion. Plaintiff filed an amended motion to strike on July 27, 1964 which added one further ground to its prior motion.

After hearing on July 27, 1964, the court overruled with exceptions defendants' motion to dismiss plaintiff's motion. The court granted permission to apeal to this court under the provisions of 12 V.S.A. §2386.

The questions certified for determination can be reduced fundamentally to whether the court in this case has authority (1) to strike the stipulation of the parties and (2) to strike the entry of "Judgment Satisfied" based thereon.

The stipulation signed by the attorneys of the parties on March 2, 1964, reads as follows:

"Now comes the plaintiff and defendants in the above entitled case by their respective attorneys and stipulate and agree as follows:

1. Whereas, the Honorable Court has entered its Decree of Foreclosure dated August 13, 1963 for the plaintiff for the principal sum of Seven Thousand Dollars ($7,000.00) plus labor, materials, solicitors fees and costs, in the total amount of Ten Thousand Five Hundred Seventy Eight and 58/100 Dollars ($10,578.58) plus interest, and

Whereas, the defendants have brought their suit entitled James S. Welch and Rosemarie B. Welch v. Hector Isabelle Builder, Inc. dated August 27, 1963 in the amount of Fifteen Thousand Dollars ($15,000.00), then the respective parties agree and stipulate that notwithstanding the amount in the court's forclosure decree of August 13, 1963, that the defendants may pay to the clerk of the court for the benefit of the plaintiff the sum of Two Thousand Dollars ($2,000.00) on or before August 13, 1964 in full satisfaction of said Decree of Foreclosure.

2. Upon payment of said sum, the clerk of the court may make an entry of "settled and discontinued" in the case of James S. Welch and Rosemarie B. Welch v. Hector Isabelle Builder, Inc.

3. In the event the defendants do not pay to the plaintiff the said sum of Two Thousand Dollars ($2,000.00) on or before August 13, 1964, the defendants hereby agree and do release any counter-claim which they may have against the plaintiff as far as

the foreclosure proceedings is concerned but it is expressly understood that the defendants are not dismissing any other claim or claims that they might have against the plaintiff relative to the building and erecting of a building now occupied by the defendants in the Town of Barre.

4. The plaintiff hereby agrees that the defendants may offset from the amount due on the note described in paragraph 1 any amount received from a claim entitled James S. Welch and Rosemarie B. Welch v. Hector Isabelle Builder, Inc. dated August 27, 1963 and entered with the Honorable Court, and that each of the attorneys in this matter may accept service in this claim with all other notice being expressly waived."

Plaintiff's motion to strike is based upon the grounds that the stipulation was signed by its then attorney, R. Barton Sargent, Esq., without the authority, consent or knowledge of the plaintiff and was signed, entered into and obtained by fraud, accident or mistake.

Defendants deny the authority of the court to grant plaintiff's motion, alleging that plaintiff has an adequate cause of action at law and further alleging numerous facts in the nature of an answer, or reply, to plaintiff's motion.

Defendants' motion to dismiss plaintiff's motion to strike is similar in effect and nature to a demurrer and must be so treated. *Jobidon* v. *Lussier,* 124 Vt. 242, 243, 204 A.2d 88. Its function and purpose is to test the sufficiency of plaintiff's motion, and it admits the truth of the facts well pleaded therein. *Price* v. *Rowell,* 121 Vt. 393, 395, 159 A.2d 622. Defendants' motion is not aided by facts not appearing in the pleading to be tested. *Canfield* v. *Hall,* 121 Vt. 52, 54, 147 A.2d 886. A demurrer which introduces extraneous facts is bad in relation to such facts as a speaking demurrer. *Lapham Motors* v. *Rutland Railway Corp.,* 119 Vt. 443, 445, 128 A.2d 320.

The defendants' motion was heard by the chancellor on oral arguments. No evidence was introduced; thus there are no findings of fact before us.

The docket entries and plaintiff's motion disclose that this cause was terminated on May 13, 1964 by the final entry of "Judgment Satisfied" and that other terms of the stipulation were complied with.

The fact is established with certainty from the docket entries that there was a material change in the defendants' situation on and after May 13, 1964. They had raised the sum of $2,000.00 in some manner and had parted with this sum by paying into the hands of the clerk

of the court. Under the stipulation this payment authorized the entry of "settled and discontinued" of their pending suit for $15,000.00 against the plaintiff which would carry with it a discharge of any attachment lien.

The matters between these parties had been settled and concluded for about two months after the date of the stipulation before action was taken by the plaintiff. At that time this case was not pending before the chancery court. Further, the law action brought by the defendants against plaintiff, also the subject of and involved in the stipulation, was brought in county court. There was also involved the county court law suit brought by Allen Lumber Company against the plaintiff with these defendants as trustees. The two courts are essentially distinct in the trial of causes. These latter cases are not involved in or a part of the foreclosure case in which the motions were made. Also, plaintiff's counsel conceded on argument that in addition a bank mortgage subsequently given by the defendants on their property is also involved.

The plaintiff is attempting here to revive this case by motion. It disregards other facets of the matter which existed between the parties. By the stipulation defendants action at law was terminated by the entry of "settled and discontinued" which resulted in the defendants having forever lost their action. It was effective as a bar to that cause of action on the theory that the plaintiffs there (defendants here) have received satisfaction of their claim. Furthermore, the defendants have paid the sum of $2,000.00 to the clerk of the court as required by the stipulation. By striking the stipulation, this also would be lost. It is apparent also that the interests of third parties have arisen since May 13, 1964 and are now involved.

By overruling defendants' motion to dismiss, the chancellor in effect has ruled that the entry of "Judgment Satisfied" in this case will be struck and the stipulation will be set aside. We are of the opinion that the court below does not have the authority to do so on the procedure adopted below.

The court will not, on motion, decide a question relating to the power of an agent to prosecute in behalf of plaintiffs in a suit, which question involves in it the whole merits of the cause to be tried. *Howard* v. *Waldo* (Conn.), 1 Root, 538. In *New Haven Sand Blast Co.* v. *Driesbach*, 104 Conn. 322, 133 Atl. 99, the court held that a proceeding to transfer a patent, based on a previous judgment, but requiring proof of extraneous facts, cannot be disposed of on motion.

■ It is not within the proper functions of a motion to conduct thereunder that which amounts to another major litigation. *Caperton v. Winston County Fair Ass'n.,* 169 Miss. 503, 153 So. 801. Nor can a motion be used in lieu of a suit for enforcing a distinct legal right. 60 C.J.S., p. 8, note 96.

In *Cohen* v. *Goldman,* 85 R.I. 434, 132 A.2d 414, a case involving alleged unauthorized acts by plaintiff's attorney in settlement of law actions and forgery by him of signatures on the release and draft, the proceeding was on original petition in equity as it should be here especially in view of the presence of third parties.

■ Plaintiff has attempted by its motion to institute a proceeding which involves the action of its former counsel involving other litigation as well as this foreclosure action. The motion requests affirmative relief by the court on matters not appearing upon the record below. It is made and based on matters of fact — fraud and unauthorized conduct of plaintiff's attorney — both foreign to this case. These are essentially different and distinct issues to be determined and adjudicated.

The cases cited by plaintiff relate to situations that can be resolved between the parties to the litigation. Here, we are confronted with an entirely different situation. There are multiple actions in equity and law involved which relate to different issues and affect the interest of persons not parties to such actions. Also, the interest of a subsequent mortgagee is involved.

We further point out that there was no compliance by the plaintiff with County Court Rule 51 which applies equally to equity actions. *Federal Land Bank* v. *Goyette,* 123 Vt. 400, 403, 189 A.2d 563. See also, *Filmore, Admr.* v. *Morgan's Estate,* 94 Vt. 87, 108 Atl. 841. Furthermore, and what is more important, at the time plaintiff filed its motion there was no cause of action pending before the court to act upon. It was ended with finality by the entry of "Judgment Satisfied".

Ordinarily, a motion is not an independent right or remedy, but implies the pendency of a suit and is confined to incidental matters arising therein. 60 C.J.S., p. 7, sec. 3, note 69. See also 60 C.J.S., p. 9, sec. 5.

It clearly appears that the issues attempted to be determined by plaintiff's motion can be resolved only through proper and adequate judicial action. To do so, it is indispensable that the particular facts relied on as the constituent elements of plaintiff's claims should be definitely and specifically stated, then followed by appropriate plead-

ings and resolution by the court. We conclude that the only proper proceeding to present the questions sought to be raised and to secure their determination is an original one by way of petition properly brought and prosecuted.

From what we have stated, it was error for the chancellor to overrule defendants' motion to dismiss plaintiff's motion. The motion should have been sustained and plaintiff's motion dismissed. Accordingly, the entry is, *"Plaintiff's motion to strike does not lie in this proceeding. Action of the lower court is overruled and the cause is remanded."*

Note: The plaintiff filed a motion to reargue. The opinion was recalled and reargument allowed limited to two questions. As a consequence, the opinion has been amended but there is no change in the result.