## William F. Helm, Jr. v. Ina C. Helm

[424 A.2d 1081]

No. 302-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed January 15, 1981

*Paul D. Jarvis* of *Blum Associates, Inc.,* Burlington, for Plaintiff.

*Swainbank, Morrissette, Neylon & Hickey,* St. Johnsbury, for Appellant.

**Daley, J.** This is an appeal from the denial of appellant's motion to intervene in an annulment action between his former wife and her second husband. On February 16, 1979, appellant Allen Martin and appellee Ina Martin were divorced. By the terms of a separation agreement entered into between the parties and subsequently incorporated into the divorce decree, he was to pay $1500 per month in child support until she either remarried or cohabited with another man. Upon the occurrence of this condition, support payments were to be reduced to $750 per month. On April 7, 1979, Ina Martin married William Helm, Jr. Allen Martin reduced his child support payments as a result. On June 6, 1979, William Helm, Jr. brought an annulment action against Ina Martin Helm

alleging that she had fraudulently induced their marriage. Ina Martin Helm counterclaimed for annulment along similar grounds, and on the day originally set for hearing, Allen Martin moved to intervene. The motion was denied and this appeal followed as a result. The sole question before us is whether or not Allen Martin should have been permitted to intervene in the annulment action.

The denial of appellant's motion to intervene was based upon the trial court's finding that the movant had failed to satisfy the requirements of V.R.C.P. 24(a). That Rule provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Appellant does not contend that there is specific statutory authorization permitting intervention in this case. He must therefore establish three elements in order to satisfy the requirements of the Rule. He must establish (1) an interest relating to the property or transaction, (2) that the disposition may impair that interest and (3) that his interest is inadequately represented by the existing parties. We hold that the appellant has failed to satisfy the first of these requirements and therefore find it unnecessary to consider the second and third criteria. The transaction in which the would-be intervenor must demonstrate an interest in order to establish his right to intervene is the marriage of Ina and William Helm, Jr. We hold that the appellant has failed to establish the existence of that interest and was properly denied the right to intervene. As such, the decision of the lower court is affirmed.

■ This is a case of first impression in this state. Yet, the absence of the requisite interest is made evident by the fact that the marital status of Ina and William Helm has no

bearing on the appellant's statutorily imposed duty to provide support for his children. "In order to justify a modification of a support order . . . there must have been a substantial change in the material circumstances since the original order was made." *Miller* v. *Miller*, 124 Vt. 76, 79, 197 A.2d 488, 491 (1963). See also *Hoffman* v. *Hoffman*, 133 Vt. 179, 180, 333 A.2d 94, 95 (1975). It is therefore this broad standard and not merely the annulment of the appellant's former wife's second marriage which will determine the outcome of a petition to modify the child support order incorporated into the original divorce decree. The appellant therefore lacks the interest relating to the transaction which is a prerequisite to intervention under V.R.C.P. 24(a).

■ Appellant also seeks review of the denial of his motion for permissive intervention pursuant to Rule 24(b). When such an application is addressed, as it is in this case, to the discretion of the court, the ruling will not be revised in the absence of proof that the court's discretion was abused or withheld. *Federal Land Bank* v. *Goyette*, 123 Vt. 400, 402, 189 A.2d 563, 565 (1963). In view of the foregoing, no such abuse or withholding of discretion is made out and, therefore, the trial court's ruling in this regard is also upheld.

*The denial of appellant's motion to intervene is affirmed.*