S. Vermont Coll. v. Guevin, No. 62-2-14 Bncv (Wesley, J. Apr. 2, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 62-2-14 Bncv |

| | |
|---|---|
| Southern Vermont College,<br>        Plaintiff<br><br>v.<br><br>Jeffrey P. Guevin,<br>        Defendant | DECISION ON MOTION |

## Opinion and Order Denying York Street Management's Motion to Intervene

**Background**

Proposed intervenors urgent maneuverings seeking intervention in this matter devolve to a "race to the res". That is, upon learning that this Court had scheduled a hearing on Plaintiff's motion for attachment as to property held by the Estate of Beckwith, putative intervenors have scrambled to secure their own more favorable position. For the reasons explained below, the claim for intervention rests only on the assertion of priority as to pre-judgment attachment, and that is insufficient to warrant intervention.

Southern Vermont College (SVC) sues the Estate of Beckwith for fraud and conversion. In 2012, Beckwith was the acting president of SVC. SVC alleges Beckwith used his position to make several unauthorized deposits of SVC money into Beckwith's personal accounts. Beckwith resigned from SVC and later committed suicide. SVC currently seeks to attach property owned by the Estate of Beckwith.

On March 28, 2014, York Street Management, through counsel, wrote a letter to this Court seeking a stay of these proceedings, including the scheduled hearing on Plaintiff's motion for attachment. York is a plaintiff in a case against SVC and Beckwith in the Northern District of New York. York had an agreement with SVC to develop a new residence hall at SVC. York alleges it was unable to fulfill the terms of its agreement because SVC and Beckwith interfered with the development. Among other claims, York alleges the reason SVC did not follow through with its obligations was because of difficulty in securing funds. Further, the reason SVC had difficulty with funding was Beckwith's misappropriation of money from SVC.

On March 31, 2014, SVC responded to York's letter, arguing it did not comply with the requirements of V.R.C.P. 24. SVC also argued the New York case is not sufficiently related to this case to allow intervention. Also on March 31, 2014, York filed a motion to intervene under V.R.C.P. 24. York argued it has a right to intervene because the property at issue in this case is necessary to secure its likely judgment against SVC and Beckwith. Alternatively, York seeks permission to intervene because the cases have related questions of fact and law. On April 2, 2014, SVC opposed the motion to intervene. SVC argued York has no property interest in property SVC seeks to attach. Further, the cases are not intertwined enough to justify permissive intervention.

**Intervention as Matter of Right**

Upon timely application a party shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. V.R.C.P. 24(a). The Vermont rule is similar to the federal rule. Reporter's Notes to V.R.C.P. 24. York acknowledges it is not entitled to intervene by statute.

Wright and Miller help to explain when a party may intervene as a matter of right. "There is not any clear definition of the nature of the 'interest relating to the property or transaction that is the subject of action' that is required for intervention of right… Thus, many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which there is a readily identifiable interest in land, or some other form of property such as intellectual property or personal property. A sufficient interest also has been found when the intervenor claims an identifiable interest in funds that are the subject of litigation. For example, insurers have been allowed to intervene as of right in lawsuits between their insured and third parties who either are filing claims against the insured or who are being sued by the insured. " 7C Fed. Prac. & Proc. Civ. § 1908.1 (3d ed.)

Vermont case law on the issue is limited, but generally follows Wright and Miller's reasoning. For example, in *Helm v. Helm*, the Vermont Supreme Court determined a former husband did not have the right to intervene in the annulment action of his former wife with her second husband. 139 Vt. 225, 225, 227 (1981). The annulment was relevant to the first husband because it could influence his child support obligations. *See id*. at 226. The Court noted, to intervene a party "must establish (1) an interest relating to the property or transaction, (2) that the disposition may impair that interest and (3) that his interest is inadequately represented by the existing parties." Id. The Court held a potential interest in child support obligations was not enough to justify intervention. *Id*. at 227.

In an unpublished entry order, to which this Court makes reference as persuasive authority, the Vermont Supreme Court also emphasized the type of property interest contemplated is an actual ownership interest. *See Bank of New York v. Lenge*, No. 2003-513, 2004 WL 5582268 (Vt. May 2004). "The record demonstrates, however, that appellant does not have any interest in the real property that was the subject of the underlying proceedings and he thus had no basis to intervene as a matter of right." *Id*. In *Ernst v. Rocky Road, Inc.*, the Vermont Supreme Court rejected minority investors' motion to intervene on a majority investors attempt to liquidate a corporation. See 141 Vt. 637, 638 (1982). The Court found the application was untimely. *See id*. at 640.

On the other hand, the Court allowed intervention for a creditor. *See Herbert v. Pico Ski Area Mgmt. Co.*, 2006 VT 74, ¶ 16, 180 Vt. 141. In *Herbert*, a ski mountain declared bankruptcy and a creditor sought to recover its debts in superior court. *Id*. ¶ 1. The bankruptcy order did not prohibit the suit in superior court. Id. ¶ 16. The superior court allowed a utility company to intervene. Id. ¶ 5. The Supreme Court found the intervention was proper because the utility company was a creditor and the superior court determined the original plaintiff did not own money in an escrow account. Id. ¶ 16.

In this case, York cannot intervene as a matter of right. V.R.C.P. 24(a)(2) contemplates a party intervening when that party has an existing property interest in the disputed property. See *Helm*, 139 Vt. at 227; *Lenge*, 2004 WL 5582268;7C Fed. Prac. & Proc. Civ. § 1908.1. York does not claim any right to the property, it does not hold a lien and is not a co-owner of the property in Beckwith's estate. Moreover, York is not yet a creditor because it does not have a judgment against SVC or Beckwith. See *Herbert*, 2006 VT 74, ¶ 16.  Therefore, York is not entitled to intervene as a matter of right.

**Permissive Intervention**

The Court next considers whether to allow intervention by permission. "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." V.R.C.P. 26(b). Again, York cannot point to a statute that allows a conditional right to intervene and must therefore rely on V.R.C.P. 26(b)(2).  York's argument depends on the overlapping issues in the cases.

The Court has discretion in allowing intervention by permission. See V.R.C.P. 26(b) ("In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."); see also 7C Fed. Prac. & Proc. Civ. § 1911 (3d ed.) (indicating permissive interventions are discretionary). Most of the Vermont cases that consider intervention by right also consider permissive intervention. See, e.g., *Helm,* 139 Vt. at 227. The trial court must evaluate whether the cases are sufficiently intertwined to allow intervention. *See id*.

The Court concludes York should not be allowed to intervene. In this case, SVC sues Beckwith for fraud and conversion. In the New York case, York sues SVC and Beckwith for breach of contract. Although both cases touch on Beckwith's fraudulent activities, the two cases are not dependent on each other. This Court may decide whether Beckwith stole from SVC without deciding any of the issues of SVC's agreement with York. Similarly, the Northern District of New York may decide whether a breach occurred without determining the issues in this case.

As noted at the outset, the property sought to be attached by Plaintiff, and coveted as well by proposed intervenors, may conceivably be subject to execution to satisfy the damages claimed by both SVC and York in the event of judgments in favor of either, but it is otherwise unrelated to the claims in the New York case. Furthermore, as argued by Plaintiff, proposed intervenors have established no procedural basis for an assertion in this Court of their own claim for attachment, most importantly because the claim is unconnected to any pending complaint here. V.R.C.P. 4.1(b)(2).  Indeed, while Plaintiff's have accurately characterized the claim as bold, the Court is compelled to a harsher conclusion: having established no legal basis for their request for an attachment, proposed intervenors' requested relief must be seen as frivolous.

**WHEREFORE,** it is hereby **ORDERED** :

The Court **DENIES** York Street Management's Motion to Intervene.

Electronically signed on April 02, 2014 at 03:40 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge